# Matter of Martin CHAIREZ-Castrejon, Respondent

*Decided February 11, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) With respect to aggravated felony convictions, Immigration Judges must follow the law of the circuit court of appeals in whose jurisdiction they sit in evaluating issues of divisibility, so the interpretation of *Descamps v. United States*, 133 S. Ct. 2276 (2013), reflected in *Matter of Chairez*, 26 I&N Dec. 349 (BIA 2014), applies only insofar as there is no controlling authority to the contrary in the relevant circuit.

(2) Because the United States Court of Appeals for the Tenth Circuit has taken an approach to divisibility different from that adopted in *Matter of Chairez*, the law of the Tenth Circuit must be followed in that circuit.

FOR RESPONDENT: Skyler Anderson, Esquire, Taylorsville, Utah

FOR THE DEPARTMENT OF HOMELAND SECURITY: Donald W. Cassidy, Associate Legal Advisor

BEFORE: Board Panel: PAULEY, GREER, and MALPHRUS, Board Members.

PAULEY, Board Member:

The Department of Homeland Security ("DHS") moves for partial reconsideration of *Matter of Chairez*, 26 I&N Dec. 349 (BIA 2014). The respondent opposes the motion. The motion will be granted in part, *Matter of Chairez* will be vacated in part, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Mexico and a lawful permanent resident of the United States, was convicted in 2012 of felony discharge of a firearm in violation of section 76-10-508.1 of the Utah Code, for which he was sentenced to an indeterminate term of imprisonment not to exceed 5 years. Based on that conviction, the Immigration Judge found the respondent removable from the United States as an alien convicted of (1) a "crime of violence" aggravated felony under sections 101(a)(43)(F) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(43)(F) and 1227(a)(2)(A)(iii) (2012), and (2) a firearms offense

under section 237(a)(2)(C) of the Act. The respondent appealed that decision to the Board.

On July 24, 2014, after hearing oral argument and receiving supplemental briefs from the parties, we sustained the respondent's appeal in part, dismissed it in part, and remanded the record to the Immigration Judge for consideration of the respondent's eligibility for relief from removal. More precisely, we held that the DHS had not carried its burden of proving the aggravated felony charge by clear and convincing evidence but had met its burden of proof on the firearms offense charge.

On August 25, 2014, the DHS filed a motion requesting that we reconsider the portion of *Matter of Chairez* in which we found that the DHS had not carried its burden of proving the respondent's removability on the aggravated felony charge. In the wake of that initial filing, the DHS has also submitted several supplemental pleadings in which it identifies emergent legal authority bearing on the issues raised in the motion.

## II. ANALYSIS

To qualify as an aggravated felony under section 101(a)(43)(F) of the Act, an offense must be a "crime of violence" within the meaning of 18 U.S.C. § 16 (2012). That is, it must be an offense that either has the "use" of violent "physical force" as an "element" or is a felony that, by its nature, presents a substantial risk that violent physical force will be used against another in the course of its commission.

Relying on his understanding of *Descamps v. United States*, 133 S. Ct. 2276 (2013), the Immigration Judge found that section 76-10-508.1(1)(a) of the Utah Code is "divisible" vis-à-vis this "crime of violence" definition because it encompasses not just the offenses of "intentional" and "knowing" discharge of a firearm, which are categorical crimes of violence, but also the "reckless" discharge of a firearm, which is not a crime of violence under the reasoning embodied in *United States v. Zuniga-Soto*, 527 F.3d 1110, 1122−24 (10th Cir. 2008).[1] *See also United States v. Castleman*, 134 S. Ct. 1405, 1414 n.8 (2014) (observing that "the Courts of Appeals have almost uniformly held that recklessness is not sufficient" to satisfy the "use" of physical force requirement of 18 U.S.C. § 16) (listing cases). Accordingly, the Immigration Judge reviewed the respondent's

---

[1] A person violates section 76-10-508.1(1)(a) of the Utah Code when he "discharges a firearm in the direction of any person or persons, knowing or having reason to believe that any person may be endangered by the discharge of the firearm." According to section 76-2-102 of the Utah Code, "intent, knowledge, or recklessness shall suffice to establish criminal responsibility."

conviction record under the modified categorical approach and determined that the elements of the respondent's particular offense of conviction involved the "knowing" discharge of a firearm. He therefore concluded that the respondent was convicted of a crime of violence aggravated felony and was removable on that ground.

## A. *Matter of Chairez*

In *Matter of Chairez*, we held that the approach to divisibility employed in *Descamps* is applicable in removal proceedings with regard to the aggravated felony ground of removability charged in this case; we also found that section 76-10-508.1 of the Utah Code is a divisible statute relative to the crime of violence definition. *Matter of Chairez*, 26 I&N Dec. at 352−54. Unlike the Immigration Judge, however, we concluded that the disjunctive phrasing of the statute's mental state component—providing that the offense could be committed intentionally, knowingly, or recklessly—was not sufficient to establish that the crime was divisible into three separate offenses. Our conclusion was based on the following interpretation of the approach to divisibility announced in *Descamps*:

> [A] criminal statute is divisible, so as to warrant a modified categorical inquiry, only if (1) it lists multiple discrete offenses as enumerated alternatives or defines a single offense by reference to disjunctive sets of "elements," more than one combination of which could support a conviction; and (2) at least one, but not all, of those listed offenses or combinations of disjunctive elements is a categorical match to the relevant generic standard.

*Matter of Chairez*, 26 I&N Dec. at 353 (citing *Descamps v. United States*, 133 S. Ct. at 2281, 2283). Moreover, by the term "element," we understood the *Descamps* Court to mean "those facts about the crime which '[t]he Sixth Amendment contemplates that a jury—not a sentencing court—will find . . . unanimously and beyond a reasonable doubt.'" *Id.* (quoting *Descamps v. United States*, 133 S. Ct. at 2288 (citing *Richardson v. United States*, 526 U.S. 813, 817 (1999))).[2]

Based on this reading of *Descamps*, we concluded that section 76-10-508.1(1)(a) of the Utah Code, which does not define a categorical crime of violence because it encompasses some "reckless" conduct, "can be 'divisible' into three separate offenses with distinct mens rea only if Utah

---

[2] As we noted in *Chairez*, Federal criminal defendants have a constitutional right to unanimous jury verdicts. However, this requirement does not extend to the States unless they choose to impose it, and not all States do. *Matter of Chairez*, 26 I&N Dec. at 353 n.2.

law requires jury unanimity regarding the mental state with which the accused discharged the firearm." *Matter of Chairez*, 26 I&N Dec. at 354. Upon examining Utah law, we further concluded that the DHS had not demonstrated that intent, knowledge, and recklessness were alternative "elements" of the offense defined by section 76-10-508.1(1)(a) within the meaning of *Descamps*. Instead, we determined that it was at least as likely that intent, knowledge, and recklessness were simply alternative "means" by which the statute's mens rea element could be satisfied. *Id.* at 354−55 (citing *Richardson v. United States*, 526 U.S. at 817 (discussing the distinction between alternative "elements" and alternative "means"), and *Schad v. Arizona*, 501 U.S. 624, 636 (1991) (plurality opinion) (same)). Accordingly, we held that the modified categorical approach was inapplicable and that the DHS had not established the aggravated felony charge of removability.

## B. Motion to Reconsider

In its motion to reconsider, the DHS maintains that we misinterpreted *Descamps* by treating statutory divisibility as a "threshold" requirement, which must be established prior to use of the modified categorical approach. Relying on footnote 2 of the *Descamps* majority opinion and the September 2014 decision of the United States Court of Appeals for the Tenth Circuit in *United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014), the DHS contends that *Descamps* permits a modified categorical inquiry whenever the language of the statute of conviction lists alternative statutory phrases, some of which define conduct that would trigger an immigration consequence and some of which do not.

"A motion to reconsider is a 'request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.'" *Matter of O-S-G-*, 24 I&N Dec. 56, 57 (BIA 2006) (citations omitted). The arguments submitted in support of the DHS's motion constitute a proper request for reconsideration under these standards. We will therefore address the motion on the merits.

As we explained in our prior decision, the application of the categorical and modified categorical approaches is not a matter upon which we receive deference from the courts of appeals. Instead, we defer to circuit law and "going forward we are . . . bound to apply divisibility consistently with the individual circuits' interpretation of divisibility under *Descamps*." *Matter of Chairez*, 26 I&N Dec. at 354. In other words, our interpretation of *Descamps* is to be followed only by those Immigration Judges who sit within the jurisdiction of a court of appeals that has not yet explained how

*it* understands divisibility to operate after *Descamps*. When the court does explain its interpretation in a precedent decision—in sentencing cases, if not in immigration cases—then that circuit's law should be followed.

In its motion to reconsider, the DHS argues that in cases arising in the Tenth Circuit, the approach to divisibility we adopted in *Chairez* has been superseded by the broader approach taken in *United States v. Trent*, 767 F.3d 1046. We agree and conclude that we must revisit the divisibility question in this case.

In *Trent*, the Tenth Circuit acknowledged that a statute is divisible under *Descamps* only if it is broken down into "alternative elements" or "potential offense elements," but it concluded that the *Descamps* Court did *not* understand the term "element" to mean only those facts about a crime that must be proved to a jury unanimously and beyond a reasonable doubt. *United States v. Trent*, 767 F.3d at 1058−61. Instead, the *Trent* court concluded that a statute is divisible within the meaning of *Descamps* whenever it employs "alternative statutory phrases." *Id.* at 1060−61 (citing *Descamps v. United States*, 133 S. Ct. at 2285 n.2).

Applying *Descamps* consistently with *Trent*, we conclude that the offense defined by section 76-10-508.1(1)(a) of the Utah Code *is* divisible into three separate offenses with distinct mens rea, namely, intent, knowledge, and recklessness. And while the *reckless* discharge of a firearm is not a crime of violence under *United States v. Zuniga-Soto*, 527 F.3d at 1124, we conclude that the offense is a crime of violence under 18 U.S.C. § 16 when committed *intentionally* or *knowingly*.

To be precise, one who intentionally or knowingly discharges a firearm in the direction of any person or persons, knowing or having reason to believe that any person may be endangered by the discharge of the firearm, has necessarily committed an offense that has the deliberate use or threatened use of violent physical force against the person or property of another as an element within the meaning of 18 U.S.C. § 16(a). *See United States v. Ramon Silva*, 608 F.3d 663, 669−74 (10th Cir. 2010) (holding that "apprehension causing" aggravated assault under New Mexico law, "which requires proof that a defendant purposefully threatened or engaged in menacing conduct toward a victim, with a weapon 'capable of producing death or great bodily harm,'" has the threatened use of violent physical force against the person of another as an element within the meaning of 18 U.S.C. § 924(e)(2)(B)(i) (2006)); *United States v. Hernandez*, 568 F.3d 827, 830−31 (10th Cir. 2009) (holding that knowingly discharging a firearm at or in the direction of one or more individuals in violation of Texas law has the threatened use of violent physical force against the person of another as an element within the meaning of 18 U.S.C. § 924(e)(2)(B)(i)).

Likewise, a person who intentionally or knowingly discharges a firearm in the direction of another human being necessarily disregards the substantial risk that he will use violent physical force against the other person within the meaning of 18 U.S.C. § 16(b). *See Quezada-Luna v. Gonzales*, 439 F.3d 403, 406 (7th Cir. 2006) (holding that the Illinois offense of aggravated discharge of a firearm, which is committed whenever a person knowingly or intentionally "[d]ischarges a firearm at or into a building he or she knows or reasonably should know to be occupied," is a crime of violence under both 18 U.S.C. § 16(a) and § 16(b)).

Since section 76-10-508.1(1)(a) of the Utah Code is a divisible statute within the meaning of Tenth Circuit law, it was proper for the Immigration Judge to employ the modified categorical approach in order to ascertain which mental state the respondent was convicted of possessing. The respondent's signed plea agreement is admissible for purposes of the modified categorical analysis, *United States v. Zuniga-Soto*, 527 F.3d at 1119−20 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)), and it contains a clear stipulation that he "knowingly discharged a firearm in the direction of any person." That stipulation formed the factual basis for the respondent's no contest plea and establishes that he was convicted of a categorical crime of violence—that is, knowingly discharging a firearm in the direction of any person or persons, knowing or having reason to believe that any person may be endangered by the discharge of the firearm. Moreover, since the respondent was sentenced to a term of imprisonment of at least 1 year as a result of that conviction, the offense qualifies as an aggravated felony under section 101(a)(43)(F) of the Act. We therefore agree with the Immigration Judge that the respondent is removable from the United States under section 237(a)(2)(A)(iii), and we vacate the part of our prior decision in *Matter of Chairez* that is to the contrary.[3]

---

[3]  The DHS encourages us to reconsider the interpretation of *Descamps* embodied in our original decision in this case. As discussed in *Matter of Chairez*, we adopted a different approach to divisibility for immigration purposes under our precedent decision in *Matter of Lanferman*, 25 I&N Dec. 721 (BIA 2012). However, because we are not granted deference on this issue, our reading of *Descamps* led to the analysis in *Chairez* that we believe we are constrained to follow. Accordingly, Immigration Judges should continue to follow the interpretation of divisibility under *Chairez* absent applicable circuit court authority to the contrary. Since *Descamps* was issued, circuit courts have taken essentially two approaches to divisibility. *Compare Omargharib v. Holder*, No.13-2229, 2014 WL 7272786, at *4 (4th Cir. Dec. 23, 2014), *Rendon v. Holder*, 764 F.3d 1077, 1084−88 (9th Cir. 2014), *and United States v. Estrella*, 758 F.3d 1239, 1245−48 (11th Cir. 2014), *with United States v. Trent*, 767 F.3d at 1058−61, *United States v. Carter*, 752 F.3d 8, 17−18 (1st Cir. 2014), *and United States v. Marrero*, 743 F.3d 389, 395−97 (3d Cir. 2014). *But see Coronado v. Holder*, 759 F.3d 977 (9th Cir. 2014).

In our previous decision, we remanded for the Immigration Judge to further consider the respondent's eligibility for relief from removal. We will again remand the record for that purpose.

## III.  CONCLUSION

In conclusion, the DHS's motion to reconsider is granted in part. Applying Tenth Circuit standards, we concur with the Immigration Judge's determination that the respondent is removable as an alien convicted of an aggravated felony and will vacate the part of our decision that is to the contrary.[4]  Accordingly, the respondent's appeal will be dismissed in part. Furthermore, the record will be remanded for consideration of the respondent's eligibility for relief from removal.

**ORDER:**  The Department of Homeland Security's motion to reconsider is granted in part, and *Matter of Chairez*, 26 I&N Dec. 349 (BIA 2014), is vacated in part.

**FURTHER ORDER:**  The respondent's appeal is dismissed in part.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[4]  Moreover, for the reasons stated in our prior decision, we reaffirm that the respondent is also removable as an alien convicted of a firearms offense under section 237(a)(2)(C) of the Act.