**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR GIOVANNI RAMIREZ, *Petitioner*, v. LORETTA E. LYNCH, Attorney General, *Respondent*. | No. 08-72896 Agency No. A043-733-743 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 20, 2014—Pasadena, California

Filed January 20, 2016

Before: Kim McLane Wardlaw and Richard A. Paez
Circuit Judges and Matthew F. Kennelly,* District Judge.

Opinion by Judge Paez

---

* The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

## SUMMARY[**]

### Immigration

The panel granted Hector Giovanni Ramirez's petition for review of the Board of Immigration Appeals' decision that his conviction for felony child abuse under California Penal Code § 273a(a) constitutes a crime of violence under 18 U.S.C. § 16 and is therefore an aggravated felony.

The panel held that § 273a(a) does not qualify as a categorical crime of violence because it is broader than the generic federal definition in 18 U.S.C. § 16. The panel also found that § 273a(a) is not a divisible statute, because the alternative mens rea requirements are not elements but are rather alternative means for accomplishing a single indivisible crime. The panel thus found that Ramirez's conviction does not constitute an aggravated felony.

### COUNSEL

Anna Benvenue (argued) and Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, California, for Petitioner.

Anh-Thu P. Mai-Windle (argued), Senior Litigation Counsel and Thomas B. Fatouros, Senior Litigation Counsel, United States Department of Justice, Office of Immigration Litigation, Washington, D.C.; Tony West, Assistant Attorney

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

General, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

## OPINION

PAEZ, Circuit Judge:

Hector Giovanni Ramirez petitions for review of the Board of Immigration Appeals's ("BIA") decision that his conviction under California Penal Code section 273a(a) for felony child abuse constitutes a crime of violence under 18 U.S.C. § 16(a) and (b) and therefore qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). We conclude that section 273a(a) is not a categorical crime of violence and is not divisible. We thus agree with Ramirez that his conviction does not constitute an aggravated felony, and grant the petition and remand.

## I.

## A.

Ramirez is a native and citizen of El Salvador. He immigrated to the United States as a lawful permanent resident in 1992, and all of his immediate family members are U.S. citizens. Ramirez graduated from high school in the United States and subsequently enlisted in the U.S. Navy, serving for four years.

In February 2000, Ramirez was convicted of felony child abuse, in violation of section 273a(a), and was sentenced to 8 years and 4 months of imprisonment. Ramirez appealed his conviction, which the California Court of Appeal affirmed.

The Department of Homeland Security commenced removal proceedings against Ramirez in February 2007, alleging that he was subject to removal from the United States under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of a "crime of violence," which is a deportable "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16. The immigration judge found him removable as charged and ordered him removed. Ramirez appealed to the BIA, arguing that his conviction did not constitute a crime of violence and therefore did not constitute an aggravated felony. The BIA affirmed the IJ, concluding that a) section 273a(a) is a divisible statute; and b) it contained a "direct infliction" prong, which incorporated a mens rea element of general intent, and was therefore a categorical match for the federal definition of a crime of violence. The BIA, employing the modified categorical approach, examined the records of conviction contained in the administrative record and concluded that Ramirez had been convicted of the direct infliction prong. Ramirez filed a timely petition for review.

Although we lack jurisdiction to review the final orders of removal of aliens convicted of certain crimes, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to determine our own jurisdiction. Therefore, when the issue at hand is whether an alien has committed an aggravated felony, "the jurisdictional question and the merits collapse into one." *See Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000). Where, as here, the BIA conducts an independent review of the IJ's findings, we review the BIA's decision and not that of the IJ. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1061 (9th Cir. 2008).

"We do not defer [under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)] to BIA interpretations of state law or of provisions of the federal

criminal code referenced within, but not part of, the Immigration and Nationality Act," (INA) including 18 U.S.C. § 16. *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1014 (9th Cir. 2006) (citing *Parilla v. Gonzales*, 414 F.3d 1038, 1041 (9th Cir. 2005)). Therefore, we review de novo the decision of the BIA.

## B.

To assess whether a state conviction qualifies as an aggravated felony, we generally employ the "categorical approach" to determine whether the state offense matches the "generic" federal definition of the pertinent offense listed in the INA: here, a crime of violence under 18 U.S.C. § 16(a) or (b).[1] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013). We do so by "compar[ing] the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013) (internal quotation marks and citation omitted). In making this comparison, we must rely exclusively on the elements of the two crimes, "[b]ecause we examine what the state conviction *necessarily* involved, not the facts underlying the case, [and so] must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized." *Moncrieffe*, 133 S. Ct. at 1684

---

[1] In *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *petition for reh'g en banc filed* (Nov. 18, 2015), we recently held that 18 U.S.C. § 16(b) is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The opinion in *Dimaya* was filed after briefing and oral argument in this case, and the parties did not argue that the definition of "crime of violence" articulated in 18 U.S.C. § 16(b) was void for vagueness. Because we grant the petition on other grounds, we do not address the validity of 18 U.S.C. § 16(b) in this opinion.

(emphasis added). We "then determine whether even those acts are encompassed by the generic federal offense." *Id*.; *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) ("The key . . . is elements, not facts.").

In identifying the elements of the statute of conviction, we look not only to the text of the statute, but also to how state courts have interpreted and applied the statute. *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1054 (9th Cir. 2011). We must determine whether there exists "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Additionally, if the federal generic offense is not itself a crime, but rather a classification of crimes, like "crime[s] of violence," then we also compare the crime of conviction with other crimes determined to fall within that classification. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). If, after conducting this categorical analysis, we conclude that the state statute of conviction criminalizes more conduct than the federal generic offense, then the state conviction does not fall within the federal definition, and will not qualify as an aggravated felony crime of violence for immigration purposes. *See Descamps*, 133 S. Ct. at 2283.

In a "narrow range of cases," when the statute at issue is divisible, we may employ a "modified categorical approach." *Id.* at 2283–85 (citation omitted). A divisible statute lists alternative sets of elements, in essence "several different crimes." *Id.* at 2284. "If at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of." *Id.* at 2285. In these instances, we may look beyond the elements of the statute to the documents of conviction, i.e., to "the state

charging document, a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding and the judgment," to determine whether the petitioner was convicted of a set of elements that falls within the generic definition. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (citing *Hernandez-Martinez v. Ashcroft*, 343 F.3d 1075, 1076 (9th Cir. 2003)). The modified categorical approach is thus "a tool" that allows us to apply the categorical approach. *Descamps*, 133 S. Ct. at 2285. Moreover, "[i]t retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime," as well as its "basic method." *Id.*

With these principles in mind, we first examine the generic federal definition of a crime of violence under 18 U.S.C. § 16, and then turn to section 273a(a) of the California Penal Code.

## II.

The initial briefing in this case took place before the Supreme Court issued its opinions in *Moncrieffe* and *Descamps*, and before we issued our opinion in *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014). While Ramirez initially agreed that the modified categorical approach was appropriate, he now contends that section 273a(a) is indivisible and categorically is not a crime of violence. The parties filed supplemental briefs, which we have duly considered, addressing the impact of these decisions on Ramirez's case.

The government does not dispute that section 273a(a) is not a categorical match to the federal generic definition of a crime of violence. Instead, the government argues, as it has

throughout, that section 273a(a) is a divisible statute, and that we should therefore apply the modified categorical approach. The government further contends that the court may determine from documents in the administrative record that Ramirez was convicted of the direct infliction prong of section 273a(a), which provides criminal penalties for any person who, "under circumstances or conditions likely to produce great bodily harm or death . . . inflicts [upon a child] unjustifiable physical pain or mental suffering." The government argues that this prong falls within the generic definition of a "crime of violence" under both 18 U.S.C. § 16(a) and (b).

The federal generic crime at issue, § 16, defines a "crime of violence" as either:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *Leocal v. Ashcroft*, the Supreme Court determined that "'use' of force" signifies intentional conduct—"active employment"—and encompasses a mens rea element greater than negligence. 543 U.S. 1, 9–10 (2004). The petitioner in *Leocal* had been convicted of drunk driving, and the Court held that this conduct could not fall within either § 16(a) or (b), because § 16(b), like § 16(a), does not encompass

negligent conduct. *Id.* at 9–11. Rather, "[t]he reckless disregard in § 16 relates *not* to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime." *Id.* at 10 (footnote omitted). A person who drives while intoxicated incurs a substantial risk that people in the vicinity will experience force. *Id.* However, even in the event that the drunk driver's victims experienced force, the driver could not be said to have "used" that force. *Id.* at 10–11. Nor does the drunk driver intend to accomplish some criminal purpose and foresee the risk of force that purpose entailed. *Id.* Thus, the probability that victims of the crime will experience force does not alone render criminal conduct a "crime of violence." *Id*.

Following *Leocal*, in *Fernandez-Ruiz*, we held that "offenses committed through reckless, or grossly negligent, use of force" likewise cannot constitute "crimes of violence," under either § 16(a) or (b). 466 F.3d at 1132. Recklessness, though more culpable than negligence, does not encompass the level of intent required to meet the definition of "'use' of force" laid out by the Court in *Leocal*. Moreover, although it is not entitled to deference, the BIA agreed with our interpretation that 18 U.S.C. § 16 does not encompass crimes with mens rea elements of recklessness or negligence in its recent decision, *Matter of Chairez-Castrejon*, 26 I. & N. Dec. 349, 352–53 (BIA 2014), *vacated in part on other grounds*, 26 I. & N. Dec. 478 (BIA 2015). Thus, in order for a person's conviction to qualify as a crime of violence, he or she must have "use[d] force" with a mens rea that incorporates a degree of intent greater than does negligence or recklessness.

# III.

## A.

Turning to the state statute at issue, California Penal Code section 273a(a) provides:

> (a) Any person who, under circumstances or conditions likely to produce great bodily harm or death, [1] willfully causes or permits any child to suffer, or [2] inflicts thereon unjustifiable physical pain or mental suffering, or [3] having the care or custody of any child, willfully causes or permits the person or health of that child to be injured, or [4] willfully causes or permits that child to be placed in a situation where his or her person or health is endangered, shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison for two, four, or six years.

(brackets and numbers added). It is undisputed here that section 273a(a) criminalizes conduct that would not necessarily entail any affirmative "use" of force, and encompasses passive, negligent conduct. For example, the statute criminalizes conduct that "permits any child to suffer," "permits the person or health of that child to be injured," and "permits that child to be placed in a situation where his or her person or health is endangered." California case law confirms that section 273a(a) is an "omnibus statute," meaning that a violation "can occur in a wide variety of situations: the definition broadly includes both active and passive conduct, i.e., child abuse by direct assault and child

endangering by extreme neglect." *People v. Sargent*, 970 P.2d 409, 414–15 (Cal. 1999) (quoting *People v. Smith*, 678 P.2d 886, 890–91 (Cal. 1984)).

Although section 273a(a) requires a mens rea of "willful[ness]" for the three prongs of the statute that criminalize indirect infliction of harm or passive conduct, the California Supreme Court has interpreted "willful[ness]" in this context to require proof only of criminal negligence. *People v. Valdez*, 42 P.3d 511, 519–20 (Cal. 2002) (holding that criminal negligence is the appropriate standard for the indirect infliction prongs of section 273a(a), and explaining that "[w]e do not think the Legislature's use of the word 'willful' is inconsistent with a criminal negligence standard"); *see also People v. Peabody*, 119 Cal. Rptr. 780 (Cal. Ct. App. 1975), *cited with approval by Walker v. Superior Court*, 763 P.2d 852, 866–67, 880 (Cal. 1988). Because willfulness under section 273a(a) does not require greater proof of culpability than criminal negligence, willfulness in this context does not meet the definition of "'use' of force" elucidated by the Court in *Leocal*. 543 U.S. at 9–10; *see also Fernandez-Ruiz*, 466 F.3d at 1132. A review of California case law confirms that courts have applied section 273a(a) to criminally negligent conduct. *See, e.g.*, *People v. Kinkead*, 96 Cal. Rptr. 2d 121 (Cal. Ct. App. 2000) (affirming the conviction of a defendant who fell asleep next to his three-year-old daughter, after ingesting methamphetamine, marijuana, and alcohol and being up for days, and asphyxiated her); *People v. Toney*, 90 Cal. Rptr. 2d 578 (Cal. Ct. App. 1999) (affirming the conviction of a defendant who left several containers of highly flammable and caustic chemicals on the floor of a residence inhabited by his wife's six-year-old son). Thus, we agree with the government that section 273a(a) is not a categorical match to the federal

generic definition of a crime of violence because it criminalizes conduct that falls outside this definition.

While section 273a(a) is not categorically a crime of violence, the indirect and direct infliction prongs of the statute are phrased in the disjunctive. Therefore, we next consider whether section 273a(a) is divisible. *Descamps*, 133 S. Ct. at 2284–85; *see also Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014). We hold that it is not.

## B.

In *Descamps*, the Supreme Court clarified that a "prosecutor charging a violation of a divisible statute must generally select the relevant element from its list of alternatives. *And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt.*" 133 S. Ct. at 2290 (emphasis added) (citation and footnote omitted). Applying *Descamps*, we recently explained that "[t]he critical distinction is that while indivisible statutes may contain multiple, alternative *means* of committing the crime, only divisible statutes contain multiple, alternative *elements* of functionally separate crimes." *Rendon*, 764 F.3d at 1084–85. Therefore, the key question we must ask when determining a statute's divisibility is whether a jury would have to be unanimous in finding those separate elements. *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1013–14 (9th Cir. 2015); *Lopez-Valencia v. Lynch*, 798 F.3d 863, 868 (9th Cir. 2015); *Rendon*, 764 F.3d at 1084–85. "Otherwise, the Court's express purpose for separating indivisible statutes from divisible statutes— preventing sentencing courts from finding *facts* on which a jury *did not* have to agree, rather than *elements* on which a

jury *did* have to agree—would be undermined." *Rendon*, 764 F.3d at 1085–86.

In *Almanza-Arenas v. Lynch*, we recently outlined a three-step process for conducting this divisibility analysis under *Descamps*. No. 09-71415, slip op. at 10–24 (9th Cir. Dec. 28, 2015). First, we examine the text of the statute of conviction to determine whether it contains multiple crimes with distinct elements, or instead describes alternative means for accomplishing a single crime. We next examine the conviction documents to determine whether we may confirm our statutory analysis. Finally, we verify that our reading is consistent with the way in which state courts have construed the statute of conviction.

We turn first to the statutory text. The first part of section 273a(a) requires that the conduct at issue be done "under circumstances or conditions likely to produce great bodily harm or death." The second part of the statute contains four prongs, worded in the disjunctive, which enumerate the ways in which a person can criminally abuse or endanger a child. Although this part of the statute is worded in the disjunctive, "[t]he mere use of the disjunctive term 'or' does not automatically make a statute divisible." *Almanza-Arenas*, No. 09-71415, slip op. at 16 n.11. Here, the text of section 273a(a) suggests that the four prongs constitute separate means of committing a single offense. However, because the text of the statute is not clear on its face, we turn to the available conviction documents since such documents may disclose whether the statute is divisible. *See id.* at 14.

Where, as here, the defendant was tried and convicted by a jury, we look first to the charging document and jury instructions. *See Taylor v. United States*, 495 U.S. 575, 602

(1990); *see also Shepard v. United States*, 544 U.S. 13, 16 (2005). The charging document—an Information—draws no distinction between the direct and indirect infliction prongs of section 273a(a). The Information alleges three separate violations of section 273a(a), two of which occurred on the same day, with each count alleging an enhancement under California Penal Code section 12022.7(a). Each count simply repeats the text of the statute, listing all four prongs and alleging violations of each. The abstract of judgment similarly does not draw a distinction between the indirect and direct infliction prongs. It succinctly records that Ramirez was convicted of three violations of section 273a(a), each with a section 12022.7(a) enhancement.[2] The administrative

---

[2] Ramirez received a statutory sentence enhancement under California Penal Code section 12022.7(a), which is reflected in the abstract of judgment, and which the government argues establishes that Ramirez was convicted of a crime of violence once the modified categorical approach is applied. As we conclude that section 273a(a) is indivisible, we decline to examine the sentence enhancement, which is not a "crime" of which Ramirez was "convicted" for the purposes of 8 U.S.C. § 1227(a)(2)(A)(iii). However, even were we to consider it, section 12022.7(a) does not meet the definition of a crime of violence either, as it has clearly been applied to defendants who committed crimes recklessly or negligently. *See People v. Guzman*, 91 Cal. Rptr. 2d 885, 886–87 (Cal. Ct. App. 2000) (applying section 12022.7(a) in a case where the defendant had been convicted of driving under the influence); *see also People v. Arndt*, 90 Cal. Rptr. 2d 415, 419 (Cal. Ct. App. 2000) (imposing an enhanced sentence under section 12022.7(a) on a man convicted of felony driving under the influence of a drug and transporting cocaine); *People v. Sainz*, 88 Cal. Rptr. 2d 203, 207 (Cal. Ct. App. 1999) (affirming an enhancement under section 12022.7 on a man convicted of driving under the influence and stating: "In most instances, when a defendant driving under the influence of alcohol or drugs causes great bodily injury, he or she will 'personally inflict[]' it" within the meaning of section 12022.7). Section 12022.7(a) thus clearly falls outside the definition of "crime of violence."

record in this case does not contain the trial court's jury instructions. However, there was a model jury instruction in place at the time of Ramirez's conviction, California Jury Instructions–Criminal (CALJIC) No. 9.37. As explained in detail below, this pattern jury instruction did not require unanimity as to which prong of the statute the defendant violated.

Finally, we examine California state law, including model jury instructions, to confirm that the statute is not divisible. Under the California constitution, "[i]n a criminal case, a jury verdict must be unanimous. . . . [and] the jury must agree unanimously the defendant is guilty of a *specific* crime." *People v. Russo*, 25 P.3d 641, 645 (Cal. 2001). Therefore, "when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act." *Id.* But, "where the evidence shows only a single discrete crime but leaves room for disagreement as to exactly *how* that crime was committed or what the defendant's precise role was, the jury need not unanimously agree on the basis or . . . the 'theory' whereby the defendant is guilty." *Id.* (emphasis added). Thus, the California Supreme Court's distinction between "theories" and "elements" mirrors the United States Supreme Court's distinction between "alternative means" and "elements."

There is an exception to the juror unanimity requirement, for a "continuous course of conduct." In the context of section 273a(a), a prosecutor can allege a pattern of abuse, and, in such a case, the jury need not agree unanimously as to which specific acts the defendant committed within that pattern. *People v. Ewing*, 140 Cal. Rptr. 299, 301 (Cal. Ct. App. 1977). "Although the child abuse statute may be

violated by a single act, more commonly it covers repetitive or continuous conduct." *Id.* (citation omitted).

A California Court of Appeal case, *People v. Vargas*, 251 Cal. Rptr. 904 (Cal. Ct. App. 1988), illustrates how "theories," as opposed to elements, and the continuous course of conduct exception work in a section 273a(a) prosecution. In *Vargas*, the prosecution alleged a continuous course of conduct, and argued that either the defendant had violated section 273a(a) by herself inflicting injuries upon her child, or by permitting her co-habitant to injure him and by failing to seek adequate treatment for his injuries. *Id.* at 909. On appeal, the defendant argued that, while the jury need not be unanimous as to her specific acts within the course of conduct alleged, the jury *was* required to unanimously agree upon one of the prosecution's two theories. *Id.* The court disagreed:

> Where a single course of conduct is proved at trial it is permissible for members of the jury to determine that the underlying facts establish a violation of the statute under *different legal theories* such as direct infliction of abuse or permitting the child's health or safety to be endangered. The jury need not agree unanimously on the *legal theory* that defines a given set of facts as criminal conduct.

*Id.* (emphases added). The court reasoned that "[t]he Legislature has seen fit to proscribe *equally, without distinction as to the available punishment, any* violation of section 273a, subdivision [(a)]." *Id.* The prosecutor need not elect to prove either direct infliction or passive conduct, or negligence or general intent, nor must the court give a

unanimity instruction. Instead, so long as the jury agrees unanimously that the defendant engaged in a course of conduct containing acts that violate section 273a(a), the prosecution can meet its burden of proof. Thus, even where direct infliction is alleged (as it was in *Vargas*), a jury could convict a defendant of a violation of the whole statute, including the direct infliction prong, notwithstanding that the jury agrees that the defendant committed only negligent or passive conduct. Direct infliction is merely a "legal theor[y]," *id.*, and not a "discrete crime." *Russo*, 25 P.3d at 645.

While "[a] prosecutor charging a violation of a *divisible* statute must generally select the relevant element from its list of alternatives," *Descamps*, 133 S. Ct. at 2290 (emphasis added), a prosecutor charging section 273a(a) need not choose among its "legal theories." Recently, we explained that statutes which the prosecutor may allege in their entirety without seeking a unanimous jury verdict on one particular prong must be considered indivisible. Employing the modified categorical approach and imposing a collateral consequence on the basis of such a conviction risks "potential unfairness" to a defendant who gained nothing by arguing at trial that he or she violated one prong of the statute, but not the other. *Lopez-Valencia*, 798 F.3d at 871 ("The categorical approach exists in large part to ensure that the imposition of a consequence in federal proceedings does not hinge on a fact that was irrelevant to a defendant's earlier conviction. Without the requirement that the jury unanimously agree on a fact, a defendant has no reason to introduce evidence that would disprove it.") (citation omitted). After the court's decision in *Vargas*, a defendant like Vargas, charged with both direct and indirect infliction of section 273a(a), would have no reason to argue that she did not hit her child, but

instead failed to get the child adequate medical care. Thus, applying the modified categorical approach to section 273a(a) convictions risks the "unfairness" we foresaw in *Lopez-Valencia*.

Another California case, although it post-dates Ramirez's conviction, provides an additional clear example of California courts treating the different prongs as interchangeable "legal theories." It also further underscores the futility of arguing one prong in place of another, confirming that the conundrum we noted in *Lopez-Valencia* applies here. In *In re L.K.*, 132 Cal. Rptr. 3d 342 (Cal. Ct. App. 2011), a minor, L.K., was convicted by the juvenile court of running over her younger brother, M.S., with a truck. *Id.* at 344. L.K. appealed on the ground that the juvenile court had imposed a negligence standard in determining that she had violated section 273a(a)'s direct infliction prong. *Id.* at 346. L.K. argued that there was insufficient evidence to show that running over her brother was anything but an accident, and therefore she lacked the "general intent" (i.e., willfulness) required for a conviction under that prong. *Id.* at 345–46. While the Court of Appeal agreed, it nevertheless upheld the juvenile court's judgment, because it determined that L.K. had "violated the first prong of [section 273a(a)] by willfully permitting M.S. to suffer unjustifiable physical pain and mental suffering when she failed to alert others at the house of the potential seriousness of M.S.'s injuries." *Id*. at 347. Acknowledging that this finding had not been the basis of the juvenile court's verdict, the Court of Appeal nevertheless concluded that the conviction should stand, because

> [e]ven though the juvenile court *erred in its reasoning*, a ruling or decision, itself correct in law, will not be disturbed on appeal merely

because given for a wrong reason. If right upon any *theory of the law* applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.

*Id.* at 349 (emphasis added) (quotation marks omitted). That is, while the evidence might not support a conviction under the direct infliction prong, so long as it supported a conviction under *any* prong, the state carried its burden of proof. Therefore, even in the unusual circumstance where the record specifies a finding on solely the direct infliction prong (as opposed to the more typical case, in which the prosecution makes a general allegation that the defendant violated the statute with a continuous course of conduct) it cannot be determined with certainty that the defendant directly inflicted any kind of force or committed a general intent crime.

California jury instructions for section 273a(a) implement the California courts' distinction between elements and "legal theories." Citing to *Vargas*, the use notes that accompany the jury instructions for section 273a(a), CALJIC No. 9.37 from 1996 (the latest edition prior to Ramirez's conviction) explicitly state that the juror unanimity instruction, CALJIC No. 17.01, "is not required when the same act or omission may have been either intentional or criminal negligence."[3]

---

[3] CALJIC No. 9.37 was not updated between 1996 and 2002. In 2002, CALJIC No. 9.37 was revised to reflect the holding of *Valdez*, which held that criminal negligence was the appropriate standard for the indirect infliction prongs. *Valdez*, 42 P.3d at 519–20. The revised instruction requires the judge to read the criminal negligence instruction whenever negligent conduct is alleged. However, the use note that states that unanimity is not required with respect to general intent versus negligence was not changed or omitted.

That is, a jury need not be unanimous as to criminal negligence or general intent, even where it must be unanimous as to the underlying conduct.  Thus, these alternative mens rea requirements are not "elements" for purposes of *Lopez-Valencia*, *Rendon* or *Descamps*.  Rather, they are alternative means for accomplishing a single indivisible crime.

## IV.

Our examination of the text of section 273a(a), the *Shepard* documents, and California case law reveals that the state need not prove that a defendant committed a violation of section 273a(a) under a particular prong; the four prongs are instead alternative "legal theories" which the prosecution may argue, and none of which the jury need decide upon unanimously.  Because section 273a(a) is not a divisible statute, our analysis stops here.  Under the categorical approach, section 273a(a) is broader than 18 U.S.C. § 16, and therefore not a "crime of violence," nor does it qualify on that basis as an aggravated felony.

Because the Board erred when it determined that Ramirez had been convicted of an aggravated felony, we grant the petition and remand.

**Petition GRANTED and REMANDED.**