# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41667

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARCELINO CHAN-XOOL,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-1133-1

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant Marcelino Chan-Xool appeals his sentence. He argues that the district court plainly erred by assessing an additional criminal-history point under Guideline § 4A1.1(e) in its Guidelines calculation. We AFFIRM.

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 16-41667

I.

In 2016, Marcelino Chan-Xool pleaded guilty to illegal reentry. In the presentence report (PSR), the probation officer assessed an additional criminal-history point pursuant to United States Sentencing Guidelines § 4A1.1(e) because Chan-Xool had two prior convictions—one for kidnapping and one for voluntary manslaughter—that were treated as a single sentence. In 2006, Chan-Xool had been sentenced to serve one year and eight months for kidnapping in violation of California Penal Code section 207(a) and six years for voluntary manslaughter in violation of California Penal Code section 192(a). Chan-Xool was to serve these sentences consecutively. The probation officer assessed three criminal-history points for these two sentences, because they were imposed on the same date and the offenses were listed in the same charging instrument. The probation officer then assessed an additional criminal-history point pursuant to Guideline § 4A1.1(e).

This total of four criminal-history points produced a criminal-history category of III. Along with the offense level and a one-level decrease for acceptance of responsibility, this category produced an advisory sentencing range of twenty-four to thirty months. The district court adopted this recommended Guidelines range. The district court then sentenced Chan-Xool within the Guidelines range to thirty months in custody and imposed a $100 special assessment.

In arriving at the thirty-month sentence, the district court discussed the "serious" nature of Chan-Xool's prior conduct that "not only caused harm to a family, but resulted in the loss of life to a member of the community." The district court noted that it would stay within the Guidelines range, although "with a lot of reservation." Because of Chan-Xool's prior conduct, the district

No. 16-41667

court determined that a sentence at the high end of the Guidelines range was necessary.  Chan-Xool timely filed a notice of appeal.

## II.

Because Chan-Xool failed to object to his criminal-history score, his claim on appeal is subject to plain-error review.  *See United States v. Jasso*, 587 F.3d 706, 709 (5th Cir. 2009) (holding that because defendant failed to preserve the alleged error in the district court, plain-error review rather than *de novo* review applied).  Under plain-error review, we consider whether there is: (1) a legal error; (2) that is "clear or obvious rather than subject to reasonable dispute"; (3) that affected the appellant's substantial rights; and (4) that the court may use its discretion to remedy because the first three prongs are satisfied and the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations omitted).

## III.

### A.

Chan-Xool argues that the district court plainly erred when it assessed an additional criminal-history point based on Chan-Xool's sentence for kidnapping and voluntary manslaughter.  "[W]e first inquire whether the district court's imposition of the enhancement was erroneous and, if so, whether the error was plain (*i.e.*, clear or obvious)." *Jasso*, 587 F.3d at 709 (footnote omitted) (citation omitted).  In determining a defendant's criminal-history category, a probation officer is to add three points for each prior sentence of imprisonment that exceeds one year and one month.  U.S.S.G. § 4A1.1(a).  "[P]rior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day."  U.S.S.G. § 4A1.2(a)(2).  If either

situation applies, the probation officer is to treat multiple prior sentences as a single sentence. *Id.* Finally, the probation officer is to add one point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points because it was treated as a single sentence. U.S.S.G. § 4A1.1(e). The probation officer may add up to three additional points under Guideline § 4A1.1(e). *Id.*

Here, the probation officer correctly treated Chan-Xool's two prior sentences as a single sentence, because they were imposed on the same date and the offenses were listed in the same charging instrument. The probation officer correctly added three points for this prior sentence. It is undisputed that Chan-Xool's conviction for voluntary manslaughter under California Penal Code section 192(a) counts as a crime of violence. U.S.S.G. § 4B1.2(a)(2); *see United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1050–52 (9th Cir. 2003) (holding that voluntary manslaughter under section 192(a) counts as an enumerated crime of violence). However, because the manslaughter conviction already had received additional criminal-history points, the probation officer correctly assessed an additional point only if the kidnapping conviction also counts as a crime of violence.

We have held (and the government does not contest) that kidnapping in violation of California Penal Code section 207(a) is not a crime of violence.[1] *United States v. Moreno-Florean*, 542 F.3d 445, 452–56 (5th Cir. 2008) (holding

---

[1] Under the Guidelines, "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
   (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. § 4B1.2(a).

that violating section 207(a) is not a crime of violence for purposes of U.S.S.G. § 2L1.2); *see also United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002) (holding that the definitions of "crime of violence" in U.S.S.G. §§ 2L1.2 and 4B1.2 are "substantially the same and should be consistently construed").

The government argues, however, that because Chan-Xool admitted violating California's section 12022.7(a) sentencing enhancement[2] as part of his guilty plea to the charge of kidnapping, he was actually convicted of a more specific crime that did include the use of physical force as an element. Chan-Xool counters that section 12022.7(a) is a sentencing enhancement but not an element of the crime of kidnapping for which he was convicted.

The government's argument suffers from two key flaws. First, a person can violate California's section 12022.7(a) sentencing enhancement by acting with mere negligence, and this shows that violating section 12022.7(a) is not a crime of violence. *See Ramirez v. Lynch*, 810 F.3d 1127, 1135 n.2 (9th Cir. 2016) (noting in dicta that "section 12022.7(a) does not meet the definition of a crime of violence . . . , as it has clearly been applied to defendants who committed crimes recklessly or negligently"). Moreover, the Supreme Court has stated that the phrase "use of physical force" in the definition of a crime of violence "most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004); *see Voisine v. United States*, 136 S. Ct. 2272, 2279–80 (2016) (holding that the definition of a "misdemeanor crime of violence" "embraces reckless conduct" as well as knowing or intentional conduct). Because section 12022.7(a) can apply to

---

[2] The statutory enhancement reads: "(a) Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." Cal. Penal Code § 12022.7(a).

merely negligent conduct, it cannot qualify as an element involving a use of force that must be at least reckless.

Second, the government's arguments lack support in the caselaw. The government cites *People v. Pangan*, 152 Cal. Rptr. 3d 632 (Cal. Ct. App. 2013), but this case centers on the calculation of a restitution award and does not hold that a sentencing enhancement constitutes an element of an offense. 152 Cal. Rptr. 3d at 633. Moreover, the fact that California statutory enhancements require the reasonable-doubt standard of proof does not show that an enhancement is an element of an offense. The government provides no case showing that admitting to violating a statutory enhancement in conjunction with one's guilty plea (as the government alleges Chan-Xool did) makes the enhancement an element of the underlying offense. Although the government cites *People v. Black*, 113 P.3d 534, 545 (Cal. 2005), *judgment vacated sub nom. Black v. California*, 549 U.S. 1190 (2007), in an attempt to equate statutory enhancements with elements of an offense, this case is inapt. Neither it nor any other case that the government cites shows that enhancements can qualify as elements for the purpose of transforming what is not a crime of violence into a crime of violence.[3]

The government argues in the alternative that the district court did not commit plain error because it is unclear whether both prior convictions that are treated as a single sentence have to be crimes of violence for purposes of assessing an additional criminal-history point. However, the commentary on

---

[3] This is not the first time the government has argued that a statutory enhancement can turn what is not a crime of violence into a crime of violence. In *Ramirez v. Lynch*, the Ninth Circuit noted, "Ramirez received a statutory sentence enhancement under California Penal Code section 12022.7(a), which is reflected in the abstract of judgment, and which the government argues establishes that Ramirez was convicted of a crime of violence once the modified categorical approach is applied." 810 F.3d 1127, 1135 n.2 (9th Cir. 2016). The Ninth Circuit declined to rule on the precise question, but noted that the sentencing enhancement "is not a 'crime' of which Ramirez was 'convicted.'" *Id.*

No. 16-41667

Guideline § 4A1.1(e) speaks of "convictions" for crimes of violence, showing that both convictions must be crimes of violence to justify assessing a single criminal-history point under Guideline § 4A1.1(e).  U.S.S.G. § 4A1.1(e) cmt. n.5.  The commentary states:

> In a case in which the defendant received two or more prior sentences as a result of *convictions* for crimes of violence that are treated as a single sentence (see § 4A1.2(a)(2)), one point is added under § 4A1.1(e) for each such sentence that did not result in any additional points under § 4A1.1(a), (b), or (c).

U.S.S.G. § 4A1.1 cmt. n.5 (emphasis added).    This language from the commentary is not obscure.  The PSR itself speaks of multiple convictions for crimes of violence when determining Chan-Xool's criminal-history score, directly implying that Chan-Xool's kidnapping offense is a crime of violence.[4]

The government seeks to support its alternate argument by suggesting that criminal-history calculations depend on whether prior sentences were to be served consecutively or concurrently.  The Guidelines make no such distinction.  The fact that Chan-Xool was to serve his sentences consecutively is irrelevant to whether the district court should have assessed an additional criminal-history point under Guideline § 4A1.1(e).  A novel argument, made in the teeth of applicable precedent, does not show lack of clarity.  Under *Moreno-Florean*, the district court plainly erred by assessing an additional criminal-history point based on Chan-Xool's prior convictions despite the fact that kidnapping under section 207(a) is not a crime of violence.  *See United States v. Reyes-Ochoa*, 861 F.3d 582, 588–89 (5th Cir. 2017) (holding that the district

---

[4] The PSR states: "If a defendant received two or more prior sentences as a result of *convictions* for crimes of violence that are counted as a single sentence, one point is added for each sentence that did not result in any additional points under U.S.S.G. § 4A1.1(a), (b), or (c), and a total of up to three points may be added, pursuant to U.S.S.G. § 4A1.1(e).  In this case, the defendant was convicted of kidnapping and voluntary manslaughter . . . that were counted as a single sentence.  Thus, one point is added." (emphasis added).

7

No. 16-41667

court plainly erred by imposing a crime-of-violence enhancement based on prior convictions for offenses that were not crimes of violence).

B.

Given that the assessment of an additional criminal-history point was error and that the error was plain, we next consider whether the error affected the defendant's substantial rights. *Puckett*, 556 U.S. at 135. Had the district court only assessed three criminal history points, Chan-Xool's criminal-history category would have been II, and the advisory Guidelines range would have been twenty-one to twenty-seven months. As discussed above, the district court sentenced Chan-Xool to thirty months in custody based on an advisory sentencing range of twenty-four to thirty months. While the additional criminal-history point produced an upper Guidelines range only three months higher than the upper Guidelines range without the additional point, the length of the sentence is not dispositive. In *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), the Supreme Court held that "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." 136 S. Ct. at 1345. Moreover, the district court's stated reluctance to stay within the Guidelines range does not show that the court based the thirty-month sentence "on factors independent of the Guidelines." *Id.* at 1347. The error here affected Chan-Xool's substantial rights.

C.

We exercise our discretion under the fourth prong of the plain-error analysis only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135. "[W]e do not view

8

No. 16-41667

the fourth prong as automatic if the other three prongs are met." *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (*en banc*). Rather, "we look to 'the degree of the error and the particular facts of the case' to determine whether to exercise our discretion." *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015) (citations omitted).

We have chosen not to exercise our fourth-prong discretion when much greater deviations than three-month deviations were involved. *See, e.g.*, *United States v. Chavez-Hernandez*, 671 F.3d 494, 496–97, 501 (5th Cir. 2012) (affirming an improperly enhanced sentence that exceeded the high end of the correct Guidelines range by twenty-three months); *United States v. Jones*, 489 F.3d 679, 682 (5th Cir. 2007) (affirming sentence when the district court had departed twenty-three months above the high end of the Guidelines range based on its improper consideration of defendant's arrest record); *see also United States v. Ellis*, 564 F.3d 370, 378–79 (5th Cir. 2009) ("[E]ven if an increase in a sentence be seen as inevitably 'substantial' in one sense it does not inevitably affect the fairness, integrity, or public reputation of judicial process and proceedings."). Here, because of the serious nature of Chan-Xool's prior offenses and the three-month increase in the length of his sentence, we determine that the error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Wikkerink*, 841 F.3d 327, 339 (5th Cir. 2016) (examining the district court's statements about defendant's criminal history and concluding that the district court's error did not merit correction under the fourth prong).

IV.

Therefore, we AFFIRM the judgment of the district court.

9