**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-55055 |
| Plaintiff-Appellee, | D.C. No. 2:15 CV 05589-BRO |
| v. | 2:12 CR 00745-BRO |
| OMAR MORA-RIVERA, AKA Big Droops, AKA July Dominguez, AKA Droops, AKA Droopy, AKA Mark Jimenez, AKA Little Loco, AKA Omar Mora, AKA Omar Jair Mora, AKA Omar Jair Mora-Rivera, AKA Omar Mora Rivera, AKA Omar J. Rodriguez | MEMORANDUM* |
| Defendant-Appellant. | |

On Appeal from the United States
District Court for the Central District of California
Honorable Beverly Reid O'Connell, Presiding

Argued and Submitted February 6, 2019

Before:    WARDLAW and BEA, Circuit Judges; and MURPHY, III,**
District Judge

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Stephen J. Murphy, III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

Omar Mora-Rivera ("Mora-Rivera") appeals the district court's order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We granted him a certificate of appealability on the issue of whether Mora-Rivera's prior conviction under California Penal Code § 451(d) ("arson conviction") is properly considered a crime of violence under 18 U.S.C. § 16, and therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) of the Immigration and Nationality Act ("INA"). The certified question includes whether California Penal Code § 451(d) is a divisible statute.

Mora-Rivera argues that his arson conviction is not an aggravated felony for two reasons: (1) California Penal Code § 451(d) is not categorically a crime of violence under 18 U.S.C. § 16(a), and (2) under *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *aff'd sub nom. Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the "residual clause" in 18 U.S.C. § 16(b) is unconstitutionally vague. The district court acknowledged *Dimaya* as binding precedent but ruled that Mora-Rivera's arson conviction was a crime of violence pursuant to 18 U.S.C. § 16(a) under the modified categorical approach.

A criminal offense constitutes a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). To determine whether a state offense

2

qualifies as a crime of violence aggravated felony under the statute, we use the categorical approach. *Ramirez v. Lynch*, 810 F.3d 1127, 1130–31 (9th Cir. 2016). A state offense categorically qualifies as an aggravated felony only if its elements, without any consideration of the facts underlying the individual case, are necessarily "encompassed by the generic federal offense." *Id.* at 1131 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)). As the district court correctly concluded, California Penal Code § 451(d) is not a categorical match to a crime of violence aggravated felony. Because § 451(d) encompasses burning one's own property if "there is an intent to defraud or there is injury to another," it encompasses a broader range of conduct than the federal definition under 18 U.S.C. § 16(a).

The next step is to determine if the statute is divisible, warranting the application of the modified categorical approach. Here, Mora-Rivera waived the issue of divisibility because he did not raise it in his opening brief. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). He further conceded in his reply brief that the statute is divisible. We decline to exercise our discretion to review this waived issue. *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016). Thus we assume, without deciding, that California Penal Code § 451(d) is divisible and apply the modified categorical approach. We

examine "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

Mora-Rivera argues that the record does not establish which alternative element—arson to property belonging to himself or arson to property not belonging to himself—he pleaded to. Mora-Rivera claims that he did not stipulate to any facts underlying his conviction for two reasons: (1) defense counsel stated "Yes, on that basis, People versus West" when the court asked if Mora-Rivera stipulated to the factual basis for his plea, and (2) the § 451(d) count was handwritten on to the original charging document without the addition of a new, separate factual basis for the new, lesser charge.

*People v. West*, 477 P.2d 409, 411 (Cal. 1970), held that a defendant may plead nolo contendere to a lesser offense *reasonably related* to the crime charged. Counsel's reference to *West*—which permitted his client to plead to a lesser related charge—does not invalidate Mora-Rivera's agreement to stipulate to the only factual basis presented—the one included in the original charging document. The original charging instrument's factual basis alleged that Mora-Rivera committed arson against "an inhabited structure and inhabited property[.]" During the plea

4

colloquy, the district court also identified that Mora-Rivera's crime had a victim, a motel, to which Mora-Rivera must pay restitution and which he must avoid. Those documents are sufficient to establish that Mora-Rivera was convicted of arson to the property of another.

Thus, the district court did not err in concluding that Mora-Rivera's arson conviction properly constituted a crime of violence under 18 U.S.C. § 16(a).

**AFFIRMED.**