Dissent by Judge GRABER
OPINION
LYNN, Chief District Judge:
Appellant James Flavy Coy Brown appeals from the district court’s judgment dismissing his state and federal claims against Southern Nevada Adult Mental Health Services, Chelsea Szklany, Mike Willden, Richard Whitely, Leon Ravin, M.D., Anurag Gupta, M.D., and Kyle De-vine (the “State Defendants”), arising out *1146 of his February 11, 2013 discharge from the Rawson-Neal Psychiatric Hospital in Las Vegas, Nevada.and subsequent transportation to Sacramento, California. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
I.
The district court initially dismissed Brown’s federal constitutional and statutory claims without prejudice under Fed. R. Civ. P. 12(b)(6), including his claims under 42 U.S.C. § 1983 for alleged violations of his rights under the Eighth, Fourth, and Fourteenth Amendments to the United States Constitution; alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; and alleged violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, et seq. The district court also granted Brown leave to amend his complaint, but Brown, who was and is represented by counsel, instead moved for reconsideration. The district court denied that motion and, again, granted Brown leave to amend his complaint. After Brown did not timely file an amended complaint, the district court extended the deadline and warned Brown that his failure to file an amended complaint within the time prescribed may result in dismissal of his constitutional and federal statutory claims with prejudice. When Brown did not timely file an amended complaint or otherwise respond to the court’s order, the district court dismissed Brown’s federal claims with prejudice, as a sanction under Fed. R. Civ. P. 41(b). The district court further dismissed Brown’s supplemental state law claims without prejudice.
Notwithstanding the dismissal under Rule 41(b), Brown filed this appeal, seeking judicial review of the district court’s orders dismissing his complaint under Rule 12(b)(6) and denying his motion for reconsideration, ignoring the fact that the case was dismissed as a sanction under Rule 41(b), and that in light of that, the Rule 12(b)(6) orders were not reviewable. See Al-Torki v. Kaempen, 78 F.3d 1381, 1386 (9th Cir. 1996); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004).
Brown did not raise in his opening brief the issue of whether the district court abused its-discretion in dismissing the case as a sanction under Rule 41(b). Indeed, in outlining the procedural history of the case in his opening brief, Brown mentioned neither the Order warning him of an impending dismissal with prejudice if he failed to amend, nor the Order dismissing his federal claims with prejudice under Rule 41(b).
II.
We generally do not consider issues that are not raised in the appellant’s opening brief. See, e,g., McKay v. Ingleson, 558 F.3d 888, 891 n. 5 (9th Cir. 2009). However, although the court has discretion under these circumstances to consider an argument not raised in the opening brief, it is not obligated to do so. In re Riverside-Linden Inv. Co., 945 F.2d 320, 324 (9th Cir. 1991).
We decline to exercise our discretion in Brown’s favor. His failure to mention in his opening brief the final Order of Dismissal under Rule 41(b) was either grossly negligent or disingenuous. We hold that Brown waived the argument that the district court abused its discretion in dismissing his federal claims under Rule 41(b). In the absence of a showing that the district court abused its discretion, because the prior interlocutory order of dismissal under Rule 12(b)(6) is not reviewable, there would be no basis to appeal. Having failed to make in his opening brief the abuse of discretion argument as to Rule 41(b), Brown waived it.
*1147 The dissent asserts that we should exercise our discretion in Brown’s favor because the State Defendants raised the Rule 41(b) issue in their answering brief and thus did not suffer any prejudice. We disagree for three reasons. First, we do not agree that the State Defendants were not prejudiced by Brown’s failure to raise the Rule 41(b) issue. Although the State Defendants did address the issue in their answering brief, they did so without the benefit of anything to argue against. They had to address what arguments Brown might have made, had he addressed the issue, and then refute them." Brown, on the other hand, discussed the issue at length in his reply brief and the State Defendants were not given an opportunity to respond to those arguments. Accordingly, we do not assume that the State Defendants did not suffer any prejudice, simply because they had the foresight to attempt to address the issue unprompted.
Second, the decision the dissent relies on in its waiver discussion, United States v. Ullah, 976 F.2d 509 (9th Cir. 1992), is distinguishable. Ullah is a criminal ease in which one defendant-raised an issue in his opening brief, while the co-defendant (Ul-lah) did not. Thus, we concluded that “it is manifestly unjust to reverse the conviction of one co-defendant but to uphold the conviction of another, co-defendant when the same error affected both defendants.” Id. at 514. Correspondingly, we exercised our discretion to consider the argument that was unraised by only one defendant, but was before the court. The present case does nót involve a criminal defendant who will lose his liberty if we do not exercise our discretion. Rather, our case involves a civil appellant who tiptoed around a central issue in his opening brief. Whether the omission was intentional or merely negligent, it was a significant error. Unlike in Ullah, there is no reason to “deviate from our usual practice in this case.” E.E.O.C. v. Peabody Western Coal Co., 773 F.3d 977, 990 (9th Cir. 2014).
Third, we dispute the dissent’s characterization of our decision as “a tri.umph of procedural rigidity” that serves no other purpose. We understand that our rules about preserving issues can sometimes seem -academic and formalistic, rather than practical. There are, however, important reasons for holding that an appellant waives an issue if it fails to provide argument about the issue in its opening brief. Rules are enforced to deter the type of improper, or inattentive, conduct that occurred here. Moreover, “appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters .of- legal questions presented and argued by the parties before them.” United States v. Mageno, 762 F.3d 933, 954-55 (9th Cir. 2014) (Wallace, J., dissenting) (vacated on other grounds), quoting Nat’l Aeronautics & Space Admin. v. Nelson, 562 U.S. 134, 131 S.Ct. 746, 756 n. 10, 178 L.Ed.2d 667 (2011). We thus reasonably require parties to preserve valid issues in order to conserve judicial resources and to assist our review. Greenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir. 1994), citing United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (“Judges are not like pigs, hunting for truffles buried in briefs.”). That principle dictates finding waiver on these facts.
AFFIRMED.