**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORI BECKWITH, | No. 15-16101 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00125-JCM-NJK |
| v. | |
| CITY OF HENDERSON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted April 19, 2017[**]
San Francisco, California

Before:  PAEZ and IKUTA, Circuit Judges, and BOLTON,[***] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Dori Beckwith appeals the district court's order granting summary judgment in favor of defendants Officer Kimberly Rye, Officer Josh Saunders, and the City of Henderson on her 42 U.S.C. § 1983 claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Beckwith provided no evidence that the conduct of Officer Rye or Officer Saunders amounted to punishment of Beckwith. She presented no evidence that Officer Rye acted "with an 'expressed intent to punish'" her when Officer Rye strip searched her, *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)), or that the strip search before placing her in the general jail population was not "reasonably related to [a] legitimate security interest[]," *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 328 (2012).[1] Similarly, Beckwith presented no evidence that Officer Saunders acted "with an 'expressed intent to punish'" Beckwith when he erroneously booked

---

[1] The district court did not err in declining to address Beckwith's argument, raised for the first time in her summary judgment briefing, that Officer Rye violated her constitutional rights by not allowing her to make a phone call within three hours of arriving at the Henderson Detention Center. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006). Beckwith also argues for the first time on appeal that Officer Rye unconstitutionally punished her by not allowing her to bail herself out with a debit card and requiring her to wear jail clothes. Beckwith waived these arguments by not raising them before the district court. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

another inmate under Beckwith's name.[2]  *See Kingsley*, 135 S. Ct. at 2473.

Because Beckwith did not suffer any deprivation of her constitutional rights, the

district court properly granted summary judgment in favor of the City of

Henderson.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per

curiam).

The district court did not err in denying Beckwith's motion to remand to

state court certain state claims it had previously dismissed.[3]

The district court did not abuse its discretion by awarding only nominal

damages against defendant Robert Pool.  The district court gave Beckwith multiple

opportunities to prove damages and Beckwith repeatedly submitted little more than

conclusory statements that she was entitled to several hundred thousand dollars in

damages.  The district court was well within its discretion in holding that these

conclusory statements were insufficient to prove damages.

**AFFIRMED**.

---

[2] Beckwith does not argue on appeal that Officer Saunders was deliberately indifferent to a substantial risk of harm.  Therefore, Beckwith waived this argument.  *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016).  Regardless, Beckwith presented no evidence that Officer Saunders's error put Beckwith "at substantial risk of suffering serious harm."  *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).

[3] Beckwith's state law negligence claim is not before this court.