
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIZABETH L.; et al.,

Plaintiffs-Appellants,

v.

AETNA LIFE INSURANCE COMPANY,

Defendant-Appellee.

No.   15-15893

D.C. No. 3:13-cv-02554-SC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Submitted April 17, 2017[**]
San Francisco, California

Before:  D.W. NELSON and IKUTA, Circuit Judges, and SEABRIGHT,[***] Chief
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable J. Michael Seabright, United States Chief District
Judge for the District of Hawaii, sitting by designation.

Elizabeth L. et al., individually and as representatives of the class of similarly situated individuals ("Appellants"), appeal the district court's order granting summary judgment in favor of Aetna Life Insurance Company ("Aetna"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellants asserted two distinct causes of action, claiming that Aetna (1) improperly denied Appellants benefits under the terms of the plans, and (2) breached its fiduciary duty by inconsistently applying the terms of the plans to similarly situated plan participants. The district court dismissed the first cause of action with prejudice, holding that Appellants failed to demonstrate entitlement to benefits under the plans. The district court then *sua sponte* dismissed the entire case with prejudice as a sanction for Appellants' failure to comply with the court's prior orders, without reaching the merits of Appellants' second cause of action for breach of fiduciary duty.

With respect to the first cause of action, the district court correctly held that the plain meaning of the plans foreclosed Appellants' interpretation that certain facilities themselves can constitute Behavioral Health Providers for purposes of satisfying the plans' 24/7 care requirements. Because those facilities do not have licensed clinical professionals on-site on a 24/7 basis, Appellants failed to state a

2

claim for benefits under the plans.  29 U.S.C. § 1132(a)(1)(B); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

With respect to the second cause of action, which the district court did not reach on the merits, Appellants failed to address in their opening brief whether the district court abused its discretion in dismissing the case as a sanction for Appellants' repeated violations of the court's prior orders.  "We generally do not consider issues that are not raised in the appellant's opening brief," *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016), and we decline to exercise our discretion to do so here.  We therefore find this issue waived.

Because the district court did not address the merits of Appellants' second cause of action, the claim for breach of fiduciary duty is not properly before us.

**AFFIRMED.**