**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 07 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN T. HARDISTY,<br><br>       Plaintiff-counter-<br>       defendant-Appellee,<br><br>  v.<br><br>MELANIE MOORE, in her capacity as the executrix and the party representative of the estate of Hal Moore; ELAINE K. MOORE; STATE INSULATION, INC., an Arizona limited liability company; THE 1998 HAROLD M. MOORE REVOCABLE TRUST; MARK PELUSO; STATE INSULATION, LLC, a Nevada limited liability company; STATE INSULATION, LLC, an Arizona limited liability company,<br><br>       Defendants-counter-<br>       claimants-Appellants. | Nos.  15-56797<br>        16-55538<br><br>D.C. No. 3:11-cv-01591-BAS-BLM<br><br><br>MEMORANDUM[*] |
| JOHN T. HARDISTY,<br><br>       Plaintiff-counter-<br>       defendant-Appellant, | No.   15-56806<br><br>D.C. No. 3:11-cv-01591-BAS-BLM |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

MELANIE MOORE, in her capacity as the executrix and the party representative of the estate of Hal Moore; ELAINE K. MOORE; THE 1998 HAROLD M. MOORE REVOCABLE TRUST; MARK PELUSO; STATE INSULATION, LLC, a Nevada limited liability company; STATE INSULATION, LLC, an Arizona limited liability company,

Defendants-counter-claimants-Appellees.

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted June 5, 2018
Pasadena, California

Before: WARDLAW and PAEZ, Circuit Judges, and CHHABRIA,[**] District Judge.

Elaine K. Moore and others (collectively "the Moores") appeal the district court's judgment and denial of attorney's fees following a bench trial in this state-law fraud case. John T. Hardisty cross-appeals the judgment and denial of attorney's fees. For the following reasons, we affirm.

---

[**] The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

**1.** The district court did not err in basing its fraud finding on three misrepresentations that contradicted the text of the Purchase and Sale Agreement. The case on which the Moores rely to assert otherwise, *Cobbs v. Cobbs*, 53 Cal. App. 2d 780, 785 (1943), has been overruled by the California Supreme Court. *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169, 1180–82 (2013). The other misrepresentation found by the district court was not clearly erroneous even if, as the Moores assert, they always intended to submit the costs to HUD for payment as a change order. The district court's finding was based on the Moores' representation that costs not paid by HUD would be reimbursed by Legacy Pointe rather than through a claim on the bond. The Moores do not challenge that aspect of the district court's finding on appeal.

**2.** The district court did not err in concluding that Hardisty justifiably relied on the Moores' representations for purposes of its fraud in the execution finding. Hardisty's failure to read the final draft of the contract, coupled with his reasonable opportunity to do so, would ordinarily render his reliance unjustifiable. *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 423 (1996). But that rule does not apply because the district court did not clearly err in finding that Hardisty read an earlier draft of the contract and that the Moores concealed the fact that they had edited it. Restatement (Second) of Contracts § 163 cmt. b, illus. 2. Nor is the

3

district court's finding that Hardisty's reliance was reasonable otherwise clearly erroneous. For similar reasons, the district court did not err in awarding fraud damages. *Chapman v. Skype, Inc.*, 220 Cal. App. 4th 217, 233 n.6 (2013) (noting that a lower standard of justifiable reliance applies to tort claims than to fraud in the execution).

**3.** The district court did not err in finding that the Incentive Agreement was valid. Although the Incentive Agreement is titled "Letter of Intent," Hardisty testified that he understood it to be a binding, standalone contract and his counsel argued to the district court that it could be affirmed, at least in part, even if the Purchase and Sale Agreement were declared void or rescinded. The district court's factual finding that the Moores intended to perform in accordance with the Incentive Agreement when they signed it was not internally inconsistent or otherwise clearly erroneous. *See Miller v. Thane Int'l*, 615 F.3d 1095, 1104 (9th Cir. 2010) ("[W]e are extremely deferential to credibility determinations."). Hardisty waived any claim for rescission of the Incentive Agreement based on total failure of consideration by not raising it below. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). That HUD's approval of the transfer was premised on the void Purchase and Sale Agreement may make the transfer voidable at HUD's option, but it does not make it automatically void. Hardisty waived his argument

4

that the Incentive Agreement was never a valid contract based on Hal Moore's failure to sign it, because he did not raise it either below or in his opening brief. *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016); *Smith*, 194 F.3d at 1052. We therefore affirm the district court's refusal to rescind the full transaction and its judgment for the Moores on the conversion and securities fraud claims.[1]

**4.** The district court did not err in finding that there was no confidential relationship at the relevant time and entering judgment for the Moores on the constructive fraud claim. The district court properly interpreted *Odorizzi v. Bloomfield Sch. Dist.*, 246 Cal. App. 2d 123, 129 (1966), to stand for the proposition that a negotiation "to bring about a termination of [the] relationship" is generally strong evidence (but not dispositive evidence) that a confidential relationship has ended. Any continued control over Hardisty's finances by the Moores is relevant only to the existence of a fiduciary relationship, not to the existence of a confidential relationship.[2] *See Vai v. Bank of Am. Nat'l Tr. & Sav. Ass'n*, 56 Cal. 2d 329, 338 (1961); *Hayutin v. Weintraub*, 207 Cal. App. 2d 497,

---

[1] We need not, and do not, decide whether the district court's alternative holding that the LLC interests were not securities was correct.

[2] Hardisty waived any challenge to the district court's finding that there was no fiduciary relationship by not addressing it in his opening brief. *Brown*, 840 F.3d at 1148.

513-14 (1962); *Sime v. Malouf*, 95 Cal. App. 2d 82, 97 (1949). The district court's factual finding that any confidential relationship had deteriorated was not otherwise clearly erroneous in light of the evidence in the record that the negotiations over the Incentive Agreement and the Purchase and Sale Agreement were acrimonious and based on threats rather than trust and confidence.

**5.** The Moores waived their challenge to the district court's reopening of the case to permit new evidence by failing to explain what prejudice they suffered from the reopening—that is, what evidence introduced after reopening the district court relied on to support its judgment. *See* Fed. R. App. P. 28(a)(8)(A); *United Nurses Ass'ns of Cal. v. Nat'l Labor Relations Bd.*, 871 F.3d 767, 780 (9th Cir. 2017). Even if we were to reach this issue, we would affirm. On two separate occasions, the district court explained that it was reopening the case "solely because . . . I feel like I short circuited both sides with the time crunch" and that its "only reason for reopening was my concern that I had not given both sides sufficient time." The district court properly ensured that it did "not adhere so

rigidly to time limits as to sacrifice justice in the name of efficiency." *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001).[3]

**6.** We need not decide whether the district court properly admitted the testimony of Hardisty's expert witness because the Moores concede that the district court did not rely on that testimony, so there could be no prejudice. *See Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014).

**7.** Hardisty's claims were, in part, "on a contract" because they sought rescission of the Purchase and Sale Agreement. *Super 7 Motel Assocs. v. Wang*, 16 Cal. App. 4th 541, 549 (1993); *see also* Cal. Civ. Code § 1717(a). But Hardisty also sought consequential damages, which sound in tort rather than contract. *Id.* at 549–50. The district court should have focused solely on the contract portion of the claims to determine the prevailing party under § 1717(a). We nevertheless affirm because "under the correct legal standard it would have been an abuse of discretion" to find either party to be the prevailing party. *United States v. Davis*,

---

[3] In connection with its decision to reopen, the district court may have misstated the burden of proof as to damages under California law. But these statements were merely in further defense of the decision to reopen in response to objections by counsel. The district court twice stated clearly that it made the decision to alleviate the harm caused by unduly strict time limits. And even if the district court's explanation of its rationale for the reopening could be considered ambiguous, we would resolve that ambiguity in favor of the conclusion that the district court properly exercised its discretion. In the criminal sentencing context, we have resolved ambiguities about whether the district court exercised its discretion or instead based a decision on an erroneous legal conclusion in favor of remand. *See United States v. Brown*, 985 F.2d 478, 480–81 (9th Cir. 1993). That context is very different from this one, which involves merely the reopening of the evidence in a civil bench trial.

428 F.3d 802, 808 (9th Cir. 2005). The Moores are not the prevailing party on the rescission claims because the Purchase and Sale Agreement was declared void based on the fraud they committed against Hardisty. Hardisty is also not the prevailing party because he sought rescission of the Purchase and Sale Agreement solely for the purpose of getting his shares in Legacy Pointe back, which he failed to do. *See Hsu v. Abbara*, 9 Cal. 4th 863, 877 (1995) ("[I]n determining litigation success, courts should respect substance more than form."). The district court's judgment thus was "good news and bad news to each of the parties." *Kytasty v. Godwin*, 102 Cal. App. 3d 762, 774 (1980).

**8.** The district court did not abuse its discretion in denying costs to Hardisty. Considering "the overall action," this case involved "a mixed judgment." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996).

**AFFIRMED.** Each party shall bear its own costs on appeal in all three cases.