**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID JOHN, | No.   17-56424 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-05174-DMG-PLA |
| v. | |
| L. S. MCEWEN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted December 5, 2018
Pasadena, California

Before:  RAWLINSON and BEA, Circuit Judges, and RICE,** Chief District
Judge.

Appellant David John was convicted in California state court of second

degree robbery with a dangerous weapon.  John contends that his trial counsel was

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Thomas O. Rice, Chief United States District Judge
for the Eastern District of Washington, sitting by designation.

ineffective for failure to move for a new trial despite evidence of juror bias, and that the presence of a biased juror violated his right to an impartial jury.[1]

John initially filed his habeas petition raising these issues before the California Supreme Court. But the California Supreme Court summarily denied his petition with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), indicating that his petition was procedurally barred as untimely. *See, e.g.*, *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003), *as amended*. John then filed a habeas petition in federal court. In opposing John's petition, Appellee argued that John's ineffective assistance and jury misconduct claims were procedurally barred pursuant to the independent and adequate state grounds doctrine. Rather than addressing the procedural bar issue, however, the district court proceeded to conduct a de novo review of the merits of John's petition, and denied the petition after concluding that the juror statements were barred by Federal Rule of Evidence 606(b).

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, 556 U.S. 449, 465 (2009). Here, the independent and

---

[1] Because the parties are familiar with the facts of this case, we recite them only as necessary to explain our decision.

adequate state law ground is the untimeliness of John's state habeas petition, which was the reason that the California Supreme Court never reached the merits of his petition. Ordinarily, federal courts should first address any procedural bar issues before reaching the merits of a habeas petition that was denied by a state court on procedural grounds. *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997). This is because "[a] State's procedural rules are of vital importance to the orderly administration of its criminal courts," and "when a federal court permits them to be readily evaded, it undermines the criminal justice system." *Id.* at 525.

There are limited cases where "judicial economy" may permit a federal court to deny a habeas petition on the merits—notwithstanding a procedural bar issue— when the merits are "easily resolvable against the habeas petitioner." *Id.* at 525. This is not such a case. Whether to overlay the Federal Rules of Evidence onto a state court proceeding when reviewing an IAC claim is a difficult question, which reasonable jurists would find debatable.[2] Indeed, the district court admitted as

---

[2] The dissent argues that the district court should be affirmed because John's IAC claim is premised improperly on the "violation of a state evidentiary rule," rather than a "viable constitutional claim." But *Strickland v. Washington* does not require a defense attorney's performance to be deficient in light of federal (rather than state) law to give rise to a valid IAC claim. 466 U.S. 668, 688 (1984). Indeed, this court has often held that "[a]n attorney's failure to raise a state-law objection at trial . . . may support a claim for ineffective assistance of counsel in a later federal habeas petition." *Dixon v. Baker*, 847 F.3d 714, 722–23 (9th Cir. 2017); *see also Valdovinos v. McGrath*, 598 F.3d 568, 580 (9th Cir. 2010) ("Trial counsel's failure to object to evidence inadmissible under state law can constitute deficient performance under *Strickland*."), *judgment vacated on other grounds*. The case

3

much when it granted John a certificate of appealability. It was therefore error for the district court to reach the merits of John's claims—which no California court had yet considered—before addressing the procedural bar issues.

**REVERSED and REMANDED for the district court to first consider any procedural bar issues and only then, if necessary, reach the merits of John's petition.**

---

that the dissent cites, *Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010), is inapposite because it did not involve an IAC claim premised on defense counsel's failure to make proper use of a state evidentiary rule—instead it addressed the completely separate issue of whether a petitioner can challenge a state court's alleged violation of state law in calculating his sentence on federal habeas review.

***John v. McEwen*, Case No. 17-56424
Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent.  I do not agree that this case must be remanded for the district court to decide the procedural bar issue.  As we have repeatedly held, we may decide a habeas petition on the merits despite an asserted procedural bar.  *See Jones v. Davis*, 806 F.3d 538, 545-46 (9th Cir. 2015); *see also Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) (noting that we may decide a habeas petition on the merits if the petition is "clearly not meritorious despite an asserted procedural bar").

The district court certified for review both of John's claims:  (1) that John's trial counsel was ineffective for failure to move for a new trial despite evidence of juror bias; and (2) that the presence of a biased juror violated John's right to an impartial jury.  Because John included arguments directed solely to his ineffective assistance of counsel claim in his Opening Brief, I address only that claim.  *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016) ("We generally do not consider issues that are not raised in the appellant's opening brief. . . .") (citation omitted).

The basis of John's juror bias claim was a declaration from one juror stating that a specific fellow juror and other jurors had already made up their minds, and

1

pressured the declarant into voting guilty. Even assuming that California Evidence Code § 1150 permits a court to consider juror testimony to establish juror bias, violation of a state evidentiary rule does not comprise the constitutional violation required to assert a viable federal habeas claim. *See Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010) ("In short, violations of state law are not cognizable on federal habeas review."). As John thus asserted no viable constitutional claim, he is unable to sustain his claim of ineffective assistance of counsel. *See Morrison v. Estelle*, 981 F.2d 425, 429 (9th Cir. 1992). Therefore, the California Supreme Court committed no error in denying John's state habeas petition, and his federal habeas petition is "clearly not meritorious." *Franklin*, 290 F.3d at 1232.

I would affirm the judgment of the district court denying the habeas petition.