NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARLEN SMITH; et al., | No. 20-35385 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-01982-SU |
| and | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| COLETTE S. PETERS, Director, Oregon Department of Corrections; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted June 10, 2021[**]
Portland, Oregon

Before: WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Relators Arlen Smith, Jerry Harryman, and Rotish Singh (Relators) appeal the district court's dismissal with prejudice of their claims under the False Claims Act (FCA), 31 U.S.C. §§ 3729–33, against employees of the Oregon Department of Corrections (ODOC). We have jurisdiction, 28 U.S.C. § 1291, and affirm.

We review de novo the dismissal of claims under the FCA and assume the facts as alleged in Relators' third amended complaint are true. *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 898 (9th Cir. 2017). We "examine only whether [R]elators' allegations support a cause of action under the False Claims Act under the theories presented," *id.*, applying the heightened pleading standards of Federal Rule of Civil Procedure 9(b), *see Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

1. Relators first invoke an implied false certification theory to argue Defendants "knowingly present[ed], or cause[d] to be presented, a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1)(A). But, to state a claim under that theory, "specific representations" must have accompanied the request for payment or property. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2001 (2016). No specific representations were alleged here.

2. Relators' reverse false claims liability theory also lacks merit. Relators failed to plead that Defendants "knowingly and improperly avoid[ed] or

decreas[ed] an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(G). The federal civil forfeiture statute that Relators invoke, 18 U.S.C. § 981, did not automatically impose an "obligation" on Defendants to turn over any proceeds they earned from their alleged scheme. That statute's relation-back principle may cause courts to deem "[t]itle to real property" to "'vest' in the United States upon commission of the act giving rise to forfeiture, but vesting is not self-executing." *United States v. Spahi*, 177 F.3d 748, 754 (9th Cir. 1999). "Indeed, under the forfeiture statutes, 'nothing vests in the government until some legal step shall be taken for the assertion of its right, after which, for many purposes, the doctrine of relation carries back the title to the commission of the offense.'" *Id.* (quoting *United States v. 92 Buena Vista Ave.*, 507 U.S. 111, 125 (1993) (plurality opinion)). Because Relators never allege that the United States prevailed in a judicial proceeding to perfect title in Defendants' allegedly illicit proceeds, no reverse claims liability exists here.

3. Relators' remaining allegations are to no avail. Even if the ODOC overcharges its inmates for postage, that conduct does not wrongly cause the "*government* to pay out money or forfeit moneys due." *Gilead Scis., Inc.*, 862 F.3d at 899 (emphasis added). Meanwhile, the district court did not abuse its discretion in declining to consider Relators' claim premised on fraudulent use of interagency mail, given that Relators did not raise this argument before the magistrate judge.

3

*See Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012).

4. Even if Relators had pled cognizable FCA violations, they failed to plead those allegations with particularity. Their third amended complaint "lump[s] together" all of the defendants and "assert[s] that everyone did everything," even though the various defendants held different positions at the ODOC and thus cannot plausibly have all "had the exact same role in [the] fraud." *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (internal quotation marks and citation omitted).[1]

**AFFIRMED.**

---

[1] Relators have not challenged the district court's decision to dismiss their claims with prejudice and have thus forfeited any argument to that effect. *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016). In any event, the magistrate and district judges did not abuse their discretion in dismissing Relators' third amended complaint with prejudice. *See Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015).