**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>GILBERTO NICOLAS CAMPOS,<br><br>Defendant-Appellant. | No.　22-50308<br><br>D.C. No.<br>3:22-cr-00448-TWR-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted June 6, 2024
Pasadena, California

Before:  M. SMITH and BADE, Circuit Judges, and FITZWATER,[**] District Judge.

Defendant Gilberto Campos ("Campos"), a citizen of Mexico, was charged under 8 U.S.C. § 1326 with unlawfully attempting to reenter the United States following a prior removal.  Campos moved to dismiss the information, alleging, *inter*

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

*alia*, that his prior removal order was invalid under § 1326(d) and that § 1326 violates the equal protection guarantee of the Fifth Amendment under the standard articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977). The district court denied the motion. At his bench trial, Campos asserted that § 1326(a)(2)(B) precluded his conviction because he was previously removed and was not required to obtain the Attorney General's advance consent to reapply for admission. The district court held that the affirmative defense under § 1326(a)(2)(B) did not apply to Campos and convicted him under § 1326(a) and (b). Campos appeals his conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. An alien in a criminal proceeding for unlawful reentry under § 1326(a) or (b) "may not challenge the validity of the deportation order" that is an element of that offense except in limited circumstances. 8 U.S.C. § 1326(d). An alien can collaterally challenge the underlying removal order if (1) he "'exhausted any administrative remedies' for relief against the order; (2) the removal proceedings 'improperly deprived [him] of the opportunity for judicial review;' and (3) the order was 'fundamentally unfair.'" *United States v. Gambino-Ruiz*, 91 F.4th 981, 985 (9th Cir. 2024) (quoting 8 U.S.C. § 1326(d)). "[E]ach of the statutory requirements of § 1326(d) is mandatory." *United States v. Palomar-Santiago*, 593 U.S. 321, 329

(2021). Campos maintains that he satisfies § 1326(d)'s prerequisites to collaterally challenge the removal order underlying his unlawful reentry charge.

2. Campos does not satisfy § 1326(d)(1) or (2) because he neither exhausted his administrative remedies by appealing the immigration judge's ("IJ's) decision to the Board of Immigration Appeals ("BIA"), nor was deprived of the opportunity for judicial review by filing a petition for review of a BIA decision with this court. *See id.* at 327. Campos asserts that he satisfies these requirements because they are met where administrative procedures are not "available" or "capable of use to obtain some relief," and that the IJ misled him regarding whether he could challenge the classification of his predicate convictions and whether he was eligible for certain removal relief.

Campos relies on *Ross v. Blake*, 578 U.S. 632 (2016), which interpreted a statutory exhaustion requirement under the Prison Litigation Reform Act and described three circumstances where "an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Id.* at 643. Campos posits that his case falls within *Ross*'s third category: "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644. But we rejected a similar argument in *United States v. Portillo-Gonzalez*, 80 F.4th 910 (9th Cir. 2023).

In *Portillo-Gonzalez* we held that an immigration judge did not mislead an alien regarding the procedural steps for pursuing administrative remedies because he correctly informed the alien of his right to appeal, and the alien declined to appeal his removal when asked. *See id.* at 920. Here, the IJ likewise correctly informed Campos of his right to appeal on two occasions at his first removal hearing, and Campos confirmed that he understood his right. The IJ asked Campos at his final removal hearing whether he accepted the decision as final or intended to appeal, and Campos responded, "Uh, I'll take it as final." Accordingly, we affirm the district court's denial of Campos' motion to dismiss the information based on this ground.

3. We also affirm the district court's denial of Campos' motion to dismiss the information on equal protection grounds. Campos asserts that § 1326 violates the equal protection guarantee of the Fifth Amendment under the standard articulated in *Arlington Heights*, but concedes that *United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023), forecloses his contention. Campos only seeks to preserve the issue pending a writ of certiorari in that case, which the Supreme Court recently denied. *See Carrillo-Lopez v. United States*, 144 S. Ct. 703 (2024).

4. We affirm Campos' conviction. Section 1326(a)(2)(B) provides an affirmative defense "with respect to an alien previously denied admission and removed" who "establish[es] that he was not required to obtain [the Attorney

- 4 -

General's] advance consent" before reapplying for admission. 8 U.S.C. § 1326(a)(2)(B). The district court found Campos guilty after concluding that the affirmative defense in § 1326(a)(2)(B) "by its express terms applies only to those aliens previously . . . denied admission and removed" and that it was inapplicable because Campos was "arrested and removed," not "denied admission and removed." Campos argues that the district court erred by interpreting "and" in § 1326(a)(2)(B) as conjunctive when the "and" is disjunctive.

In *Pulsifer v. United States*, 601 U.S. 124 (2024), the Supreme Court considered the safety-valve statute, 18 U.S.C. § 3553(f), which provides that a defendant is exempt from a statutory minimum if "the defendant does not have (A) more than 4 criminal history points, excluding [those points] resulting from a 1-point offense . . .", "(B) a prior 3-point offense, as determined under the sentencing guidelines; and (C) a prior 2-point violent offense, as determined under the sentencing guidelines." The Court addressed the question of whether these requirements were "a single, amalgamated condition for relief" or whether the paragraph presented "a checklist with three distinct conditions." *Pulsifer*, 601 U.S. at 127. The Court recognized that "'and,' in grammatical terms, is of course a conjunction—a word whose function is to connect specified items." *Id.* at 133. The Court concluded, however, that it could not choose between the two possible interpretations through an application of

- 5 -

"grammatical rules," *id.*, explaining that "and" could either be an additive conjunction, requiring the defendant not to have "the combination of the three" requirements, *id.* at 135, or it could be a distributive conjunction with the verb carrying over to every item in the ensuing list, requiring "the defendant not to have A, and not to have B, and not to have C," *id.* at 140.

We conclude that the district court did not err in concluding that "and" was an additive conjunction because Campos has not developed an argument that "and" could function as a distributive conjunction. Campos' only argument is that "and" is disjunctive, but this argument is foreclosed by *Pulsifer*, which concluded that "and . . . is of course a conjunction." *Id.* at 133. Because Campos fails to argue "and" is a distributive conjunction, or to provide an analysis of whether the grammatical structure of § 1326(a)(2)(B) is comparable to the structure of the safety-valve statute, we do not consider the argument that "and" in § 1326(a)(2)(B) functions as a distributive conjunction. *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1149 (9th Cir. 2016) ("[A]ppellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.") (citation and internal quotation marks omitted). And, although we may consider "the discussion of the [unraised] issue in th[e] briefs [when] sufficient to permit an informed resolution of the dispute,"*United States v.*

*Ullah*, 976 F.2d 509, 514 (9th Cir. 1992), the parties do not provide any briefing on whether the grammatical structure of § 1326 could support interpreting "and" as a distributive conjunction.

Instead, we address the argument presented by Campos—that "and" in § 1326(a)(2)(B) is functioning disjunctively—and we conclude that it does not. *See Pulsifer*, 601 U.S. at 132–34. We therefore hold that the district court did not err in interpreting "and" in § 1326(a)(2)(B) as an additive conjunction, requiring that an alien be both "previously denied admission and removed" to assert an affirmative defense. And because Campos was never denied admission, he was ineligible for relief pursuant to § 1326(a)(2)(B).

**AFFIRMED**.