**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| PRABHJOT SINGH; TOSHA RANI; G.S., | No. 24-9 |
| Petitioners, | Agency Nos. A241-729-924 A241-729-943 A241-729-944 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2025[**]
San Francisco, California

Before: SCHROEDER, S.R. THOMAS, and MILLER, Circuit Judges.

Prabhjot Singh, Tosha Rani, and their son G.S.—all natives and citizens of

India—petition for review of a Board of Immigration Appeals ("BIA") decision

dismissing their appeal from the denial of their applications for asylum and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"We review 'denials of asylum [and] withholding of removal . . . for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014)). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Id.* (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). Under this standard of review, we reverse only when "any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (cleaned up) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)). Because the parties are familiar with the history of this case, we need not recount it here.

I

Substantial evidence supports the agency's adverse credibility finding. A reasonable factfinder could find that the Singh family's multiple voluntary returns to India, after the alleged persecution started, undermine their credibility. *See Loho v. Mukasey*, 531 F.3d 1016, 1018–19 (9th Cir. 2008). The Singh family has

2

not challenged, before the BIA or this Court, the Immigration Judge's ("IJ")

determination that some of their testimony is inconsistent; any challenge to those

inconsistencies is thus unexhausted and forfeited. *See* 8 U.S.C. § 1252(d)(1);

*Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016)

("We generally do not consider issues that are not raised in the appellant's opening

brief.").

Taken together, these grounds support the adverse credibility finding. *See* 8

U.S.C. § 1158(b)(1)(B)(iii). The inconsistency about the March 2018 attack

weighs heavily in the totality-of-the-circumstances analysis, because it "go[es] to

the heart of the claim": That attack is one of the key events in the Singh family's

alleged persecution. *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010)

(inconsistencies need not go to "the heart" of the claim, but those that do are "of

great weight"). Similarly, the voluntary returns contradict and diminish the Singh

family's fear of persecution, and so weigh heavily against credibility.

The IJ did not improperly discount or ignore corroborating evidence. Some

of that evidence, including the medical documents and affidavits from family

members and acquaintances, was provided by "interested parties . . . none of whom

was available for cross-examination." *Mukulumbutu v. Barr*, 977 F.3d 924, 927

(9th Cir. 2020). The IJ could thus give that evidence limited weight. *See id.* The

3

IJ also did not err regarding the expert report, because that report did not address the adverse credibility concerns: It did not address why the Singh family returned to India or why their testimony was inconsistent.

## II

Without their own testimony, the Singh family cannot meet the requirements for asylum. Their remaining evidence does not compel the conclusion that the Singh family meets the past or future persecution requirements. *See Yali Wang*, 861 F.3d at 1009.

Because the Singh family failed to meet the standard for asylum, they also failed to meet the standard for withholding of removal. *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal. . . .").

**PETITION DENIED.**