**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN FLYNN, | No.    22-16995 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00213-MMD-CLB |
| v. | |
| JAMES DZURENDA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted August 20, 2025[**]
San Francisco, California

Before:  CHRISTEN, BRESS, and VANDYKE, Circuit Judges.

Shawn Flynn, formerly a Nevada state prisoner, appeals from the district court's order granting summary judgment in favor of defendants in a 42 U.S.C. § 1983 action alleging Eighth Amendment and state law claims against Nevada Department of Corrections officials.  We have jurisdiction under 28 U.S.C. § 1291.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the grant of summary judgment de novo, *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000), and we affirm.[1]

To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff must show on an objective basis "the existence of a serious medical need," and that the defendant officials subjectively "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)). The plaintiff must also show that there was "harm caused by the indifference" alleged. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

The district court properly granted summary judgment to the defendants because Flynn has not shown that defendants were the cause of any harm Flynn suffered. In particular, Flynn supplied no evidence that any of his alleged medical harms were caused by defendants' delay in providing him treatment for Hepatitis C. To the extent Flynn would seek to fill this evidentiary gap through his own testimony, that testimony could not substitute for medical evidence demonstrating a causal relationship. Because Flynn cannot demonstrate that defendants were the cause of any harm he suffered, he cannot sustain an Eighth Amendment claim

---

[1] Flynn does not raise his state law claims in his opening brief, so we do not consider those claims on appeal. *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016) ("We generally do not consider issues that are not raised in the appellant's opening brief.").

against them.[2]  *See id.*

**AFFIRMED.**

---

[2]  We grant defendant-appellees' motion for judicial notice (Dkt. 43).  Fed. R. Evid. 201(b); *see also Carley v. Aranas*, 103 F.3th 653, 656–57 (9th Cir. 2024).  Because Flynn failed to show an Eighth Amendment violation, we do not address defendants' qualified immunity arguments.  Nor do we address defendants' arguments about the allegedly limited role they played in Flynn's treatment.