NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANAI CRUZ MENDIOLA, | No. 21-70515 |
| Petitioner, | Agency No. A213-082-679 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025[**]
Pasadena, California

Before: IKUTA, R. NELSON, and VANDYKE, Circuit Judges.

Petitioner Anai Cruz Mendiola ("Cruz"), a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing

an appeal from a decision by an Immigration Judge ("IJ") denying Cruz's claims for

Convention Against Torture ("CAT") protection and cancellation of removal. We

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we review the agency's findings of fact for substantial evidence. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, the agency's factual findings are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted). We review questions of law de novo. *Id.*

1. Cruz abandoned any challenge to the agency's denial of cancellation of removal because Cruz expressly declined to raise such a challenge in her opening brief or in supplemental briefing as invited by the court. *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016); *see also Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

2. Substantial evidence supports the agency's denial of CAT protection. In support of her petition, Cruz points to her claim that, as a fourteen-year-old child, she was raped by her uncles. But Cruz testified that she was raped in the United States, not Mexico, so the rape, though serious, does not constitute past torture. *See Edgar G.C. v. Bondi*, 136 F.4th 832, 845–46 (9th Cir. 2025). And Cruz's fear of being harmed in Mexico by her uncles (whose whereabouts she does not know) amounts to mere speculation, which does not establish a likelihood of torture. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (noting that "a speculative

fear of torture is insufficient to satisfy the 'more likely than not' standard"). Cruz also argues that she will suffer harm at the hands of "swarms of rapacious criminals marauding in Mexico." But this generalized argument about violence and crime in Mexico is insufficient to prove eligibility for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**