NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAIME APARICIO-SALGADO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-242

Agency No.
A205-312-791

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2025[**]
Pasadena, California

Before: BYBEE, LEE, and DE ALBA, Circuit Judges.

Jaime Aparicio-Salgado, a native and citizen of Mexico, seeks review of a

decision from the Board of Immigration Appeals ("BIA") dismissing his appeal of

an immigration judge's ("IJ") denial of his applications for cancellation of removal,

asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

When reviewing final orders of the BIA, we review the agency's findings of fact for substantial evidence. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, the agency's factual findings are considered "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citation omitted). We review questions of law de novo. *Id.*

1. Substantial evidence supports the agency's determination that Aparicio-Salgado has not demonstrated that his U.S. citizen daughter would suffer the requisite level of hardship if he were removed to Mexico. An applicant may qualify for cancellation of removal if he can show that his removal will result in "exceptional and extremely unusual hardship" to a United States citizen or lawful permanent resident spouse, parent, or child. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 999 (9th Cir. 2025).

Here, the IJ thoroughly discussed each of the hardship factors Aparicio-Salgado claims the IJ failed to "truly assess." In particular, the IJ noted that Aparicio-Salgado is the sole financial provider for his family and that Aparicio-Salgado's removal would have a "financial toll" on his daughter. The IJ acknowledged that the evidence on country conditions supports a finding that Aparicio-Salgado's capacity to find employment in Mexico would be "significantly diminished," but that he would not be "wholly unable to find employment" in

Mexico. The IJ observed that his daughter would have to adapt to schooling in the Spanish language, which is not her dominant language. Regarding the crime in Mexico, the IJ considered that the country conditions in Mexico are much less favorable than those in the United States and that Aparicio-Salgado's home state of Guerrero "struggles mightily in confronting crime."

Ultimately, however, Aparicio-Salgado described emotional and financial hardship, which is insufficient to support a finding of exceptional and extremely unusual hardship. *See Ruiz-Reyes v. Garland,* 2022 WL 16647770, at *1 (9th Cir. Nov. 3, 2022) (finding that petitioner's asserted "financial and emotional hardship on his family . . . does not warrant cancellation of removal."); *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (explaining that the emotional suffering that results from the separation of parents from children is "sadly common" in the removal context and thus does not satisfy the exceptional and extremely unusual standard). Therefore, his hardship claim lacks merit.

2. The BIA properly affirmed the IJ's denial of asylum and withholding of removal. To establish eligibility for asylum and withholding of removal, an applicant must show that he will face a likelihood of persecution on account of a statutorily protected ground. *See Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021).

Here, Aparicio-Salgado has failed to exhaust any challenge to the agency's

determination that he failed to meet his burden to establish that it would be unreasonable to relocate within Mexico to avoid future harm.[1]  The IJ determined that Aparicio-Salgado failed to establish it would be unreasonable to relocate within Mexico, and he did not challenge this finding in his brief to the BIA.  Similarly, Aparicio-Salgado's opening brief to this Court does not raise a meaningful challenge to the agency's relocation finding.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Because Aparicio-Salgado failed to exhaust and forfeited the agency's independently dispositive internal-relocation findings, the BIA properly affirmed the IJ's denial of asylum and withholding of removal.  *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003).

3.  Aparicio-Salgado abandoned any challenge to the agency's denial of CAT protection because he did not raise such a challenge in his opening brief to this Court. *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016); *see also Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").  Thus, Aparicio-Salgado's claim for CAT protection is unexhausted and forfeited.  *See* 8 U.S.C. § 1252(d)(1) (requiring noncitizens to exhaust all administrative remedies

---

[1] Because this issue is dispositive, this Court need not address the nexus argument.

available as of right); *see Lopez-Vasquez*, 706 F.3d at 1079–80.

**PETITION DENIED.**[2]

---

[2] The Motion to Stay Removal (Dkt. No. 3) is denied upon the issuance of the Mandate.