**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN MIGUEL MIGUEL HERNANDEZ, AKA Juan Hernandez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72199 <br><br> Agency No. A094-170-458 <br><br> MEMORANDUM* |
| JUAN MIGUEL MIGUEL HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-73376 <br><br> Agency No. A094-170-458 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2022
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,[**] District Judge.

Petitioner Juan Miguel Miguel Hernandez ("Mr. Hernandez"), a citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decisions affirming the denial of his application for protection under the Convention Against Torture ("petition 19-72199") and denying his motion to reopen ("petition 20-73376"). Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1). We deny petition 19-72199 and deny in part and dismiss in part petition 20-73376.

Mr. Hernandez entered the United States as a legal permanent resident on April 4, 2003. On January 23, 2006, he was convicted under California Health and Safety Code § 11378 for possession and sale of methamphetamine, a controlled substance. He later was convicted of the same offense on May 13, 2015. Then, on May 31, 2017, he was convicted of opening or maintaining a place for the purpose of unlawfully selling, giving away, or using a controlled substance in violation of California Health and Safety Code § 11366. Based upon these convictions, he was served with a notice to appear, charging him as removable.

An Immigration Judge concluded that Mr. Hernandez was removable and not eligible for any form of immigration relief. The BIA affirmed because Mr. Hernandez's 2006 and 2015 § 11378 convictions were aggravated felonies,

---

[**] The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

2

rendering him removable. The BIA also upheld the Immigration Judge's decision to deny Mr. Hernandez's application for cancellation of removal and relief under the Convention Against Torture ("CAT").

Subsequently, in November 2019, the California Superior Court vacated Mr. Hernandez's 2006 and 2015 § 11378 convictions. He then pled guilty to a violation of California Health and Safety Code § 11379 for transporting a controlled substance on January 6, 2006—the same offense date as his initial § 11378 conviction. Because his § 11378 convictions were vacated, he moved to reopen and terminate the immigration proceedings against him, arguing that he was no longer removable. The BIA denied his request, reasoning that Mr. Hernandez nevertheless would be removable for his § 11379 conviction which qualifies as a controlled substance offense. Likewise, because his § 11366 conviction constitutes an aggravated felony, it determined that Mr. Hernandez would still be ineligible for cancellation of removal.

When the BIA agrees with the Immigration Judge's decision while employing some of its own reasoning, we review both decisions, *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013); *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011), examining "legal conclusions de novo [and] . . . factual findings for substantial evidence," *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017). We "review[] for substantial evidence the BIA's denial of deferral of removal

3

[under CAT] upon its determination that a petitioner failed to demonstrate that he is more likely than not to face torture upon removal." *Benedicto v. Garland*, 12 F.4th 1049, 1063 (9th Cir. 2021).

The denial of a motion to reopen is reviewed for abuse of discretion. *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021). "The BIA abuses its discretion if the decision was 'arbitrary, irrational, or contrary to law.'" *Id.* (quoting *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008)).

## I.      Denial of Relief under the Convention Against Torture

Mr. Hernandez seeks protection under Article Three of CAT, requiring him to show it is more likely than not he would be tortured if removed to El Salvador. *See* 8 C.F.R. § 208.16(c)(2); *Morales v. Gonzales*, 478 F.3d 972, 983 (9th Cir. 2007). He must demonstrate a "*particularized threat* of torture," *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004)) (internal quotations omitted), not just "generalized evidence of violence and crime," *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). If he faces torture only upon a "hypothetical chain of events," then he must demonstrate that each link in the chain is "more likely than not to happen." *In re J-F-F-*, 23 I. & N. Dec. 912, 917–18 (U.S.A.G. 2006).

Mr. Hernandez argues that once deported to El Salvador, he will be inspected by security forces, labeled as a gang member because of his tattoos and criminal

record, and tortured for information on gang activity. While he offered evidence that the Salvadoran government's response to gang violence has "involved the use of repressive law enforcement tactics targeting . . . tattooed individuals, youth, and deportees," he fails to show that this evidence compels the conclusion that he himself will be inspected, labeled as a gang member, and tortured. *See In re J-F-F-*, 23 I. & N. Dec. at 917–18. As such, substantial evidence supports the determination that Mr. Hernandez is ineligible for CAT protection, and we deny the petition for review.

## II.    Motion to Reopen

To reopen his immigration proceedings, Mr. Hernandez bears the "'heavy burden' of proving that, if proceedings were reopened, [his] new evidence would likely change the result in the case." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (quoting *In re Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)). His motion to reopen must demonstrate prima facie eligibility for the relief he seeks. *Id.*

On appeal, Mr. Hernandez argues that he met this "heavy burden" by demonstrating that his "removable conviction has been vacated" and that "his new conviction for [§] 11379 is not removable due to the fact that the identity of the controlled substance is inconclusive." Thus, he asserts that the BIA erred when it "engaged in speculation and conjecture to insert the term 'methamphetamine' into [his §] 11379 conviction."

A violation of § 11379 is not categorically a controlled substance offense that "substantially corresponds" to a federal offense. *See United States v. Barragan*, 871 F.3d 689, 714 (9th Cir. 2017); *United States v. Rodriguez-Gamboa*, 972 F.3d 1148, 1152 (9th Cir. 2020) (quoting *Quarles v. United States*, 139 S. Ct. 1872, 1877, (2019)). But § 11379 is a divisible statute, *Barragan*, 871 F.3d at 714, and where a noncitizen's § 11379 conviction involves a substance within the coverage of the federal Controlled Substances Act, such as methamphetamine, it supports his or her removability, *see Rodriguez-Gamboa*, 972 F.3d at 1154 n.5.

As Mr. Hernandez observes, the word "methamphetamine" is not explicitly attached to his § 11379 conviction. But the record as a whole supports the BIA's conclusion that Mr. Hernandez would be removable for his § 11379 conviction. At Mr. Hernandez's plea and sentencing hearing, the state amended its criminal complaint against him to include a violation of § 11379 as "Count Four." The state also referenced "Case Number BA296011," the case number of the 2006 felony complaint against Mr. Hernandez containing Counts One through Three. These counts allege the use and possession of methamphetamine and no other drug. The state also specified that the offense date of his violation was January 6, 2006, the same offense date as his 2006 § 11378 conviction. This evidence supports the BIA's conclusion that Mr. Hernandez was convicted of transporting methamphetamine, a removable offense; and the BIA did not abuse its discretion in denying Mr.

6

Hernandez's motion to reopen or terminate his immigration proceedings.[1]

Mr. Hernandez also attempts to raise a new argument in his petition that his § 11366 conviction cannot amount to an aggregated felony because the record of his conviction does not reference a specific controlled substance. Thus, he argues, the BIA erred in concluding that he would be ineligible for cancellation of removal and asylum. Because Mr. Hernandez did not raise this issue to the BIA, his argument is unexhausted, and we lack jurisdiction to consider it. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue."). We therefore dismiss this part of his petition.

Accordingly, petition 19-72199 seeking relief under the CAT is **DENIED** and petition 20-73376 seeking to reopen or terminate Mr. Hernandez's immigration proceedings is **DENIED** in part and **DISMISSED** in part. The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal in Case No. 19-72199 (ECF No. 1-3) is otherwise denied as moot.

---

[1] The Government did not make this argument in its initial brief. At our direction, the parties submitted simultaneous supplemental briefing on the issue. "We generally do not consider issues that are not raised in [an] opening brief," but we have the discretion to do so. *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016) (alteration added). Although the Government does not explain its oversight, we exercise our discretion to consider the argument because the parties were given the opportunity to address it at oral argument and in supplemental briefing.